## DONNELLY v. DONNELLY.   (No. 1921.)*

(Court of Civil Appeals of Texas.   El Paso.
Dec. 2, 1926.   Rehearing Denied
Dec. 30, 1926.)

Divorce ⟲⟶254—Wife cannot have judgment set aside for easily discoverable overvaluation of property awarded her and undervaluation of property awarded husband.

Where plaintiff knew that realty awarded to her in settlement agreement was valued too high in inventory on which settlement was based, and neither she nor her attorney inquired as to market value of stock awarded husband, held that plaintiff was not entitled to have judgment in her favor, in accordance with settlement agreement, set aside because of overvaluation of property awarded to her and undervaluation of stock awarded husband.

Appeal from District Court, Dallas County; Royall R. Watkins, Judge.

Suit by Mrs. Jim A. Donnelly against E. S. Donnelly.  Judgment for plaintiff, and defendant appeals.  Reversed and rendered.

R. D. Hardy and Lyle Saxon, both of Dallas, for appellant.

J. L. Goggans and B. O. Baker, both of Dallas, for appellee.

HIGGINS, J.  Mrs. Donnelly sued the appellant, E. S. Donnelly, for divorce and settlement of property rights.  Under the court's order, the defendant filed an inventory of property, a condensed statement of which is as follows: $148 cash; two shares of stock of the par value of $100 each; 348 shares of stock in the Sherwin-Williams Company of the par value of $25 per share; house and lot on Centre street, in Dallas, of the reasonable value of $7,000; household furniture of the reasonable value of $1,500; two vacant lots of the reasonable value of $3,000.  The above property was listed as community and as of the total value of $20,548.40.  A debt of $3,-000, secured by the Sherwin-Williams Company stock as collateral, was scheduled, also, taxes amounting to $87.40, leaving a net balance of $17,460 as the value of the property.  The inventory also listed a $2,000 note as belonging to Mrs. Donnelly's separate estate.  It was also stated therein that Donnelly was drawing a salary of $4,000 annually.  Based upon this inventory, the parties entered into an agreement signed by them personally, whereby, in the event the divorce was granted, Mrs. Donnelly was to have the house and lot on Centre street, the two vacant lots, the furniture, $150 cash, all her jewelry, silverware, and personal belongings; Donnelly agreed to pay the taxes, $250 to Mrs. Donnelly's attorney, and to also pay to her $50 per month for the support of herself and daughter until the daughter married or reached the age of 21; Donnelly was to have all the rest of the community property shown in the inventory.

Later, a divorce was granted Mrs. Donnelly, and judgment rendered settling the property rights in accordance with the written agreement.  No evidence was then heard by the court respecting the fairness of the agreed settlement made by the parties.

Subsequently Mrs. Donnelly filed this suit against appellant to set aside the judgment in so far as it affected property rights, alleging that the defendant had concealed assets; also alleging that the house and lot on Centre street was of the value of only $4,750 instead of $7,000, and that the Sherwin-Williams stock was worth $30⅝ per share instead of $25; that she was ignorant and inexperienced and did not know the difference between market and par value of stock; that she had been overreached and defrauded by her husband in entering into the agreement by his false representations as to the value of the stock and Centre street property.  The case was tried without the aid of a jury.  There was no evidence offered of any concealment of assets.  The evidence showed that the Sherwin-Williams stock was worth $30⅝ per share on the market when the settlement was made and judgment rendered in the former suit.

We doubt if there was evidence to show the market value of the house and lot at that time, but it may be assumed that it was sufficiently shown that it was only worth $4,750.  The court also found that the Sherwin-Williams stock was worth $30⅝ per share at that time, and upon these and other findings upon the issue of fraud, rendered judgment modifying the former decree as it respected property rights by awarding Mrs. Donnelly judgment for the additional sum of $1,995 to compensate her for the difference between the market value of the Centre street property and Sherwin-Williams stock, and the estimated value upon which the settlement agreement and judgment in the former suit was based.

The evidence in this case shows without controversy that, when she entered into the settlement, Mrs. Donnelly knew or, at least, was of the opinion that $7,000 was too high a valuation on the Centre street property, and so told her attorney.  Notwithstanding that knowledge, she failed to inform herself of its true value.  As to the value of the stock, she says she did not know the difference between par and market value.  It is not pretended her attorney did not know such difference, nor is there any contention that her attorney dealt falsely with her.  The stock was of fluctuating value, but was a standard stock, and by proper inquiry she and her attorney could have easily ascertained its market value.

We very much doubt if the evidence is suffi-

cient to show such representations as to the value of the stock and Centre street property made by appellant as would constitute a representation of fact, rather than the expression of an opinion, but, assuming that it is sufficient, nevertheless Mrs. Donnelly, under the evidence, is precluded by the negligence of herself and attorney from maintaining this suit. Knowing that the Centre street property was valued too high, and without any effort whatever to ascertain the market value of the stock, though such knowledge was easily available, they blindly entered into the settlement agreement, and she now asks to be relieved from the consequences of such neglect with no evidence to show that appellant was responsible for the failure of herself and attorney to properly safeguard her interests at the time. The solemn judgments of the courts are not to be thus lightly set aside. Harns v. Phelps, 65 Tex. 593.

As was said by Judge Smith of the San Antonio court, in Snow v. Cook (Tex. Civ. App.) 278 S. W. 520:

"To hold otherwise in such case would have the effect of opening a way for capricious attacks upon all judgments rendered in suits adjudicating the property rights of divorcees, would jeopardize the integrity of all such judgments, and unsettle property rights now securely at rest under the solemn sanction of the courts of the state."

Reversed and rendered.