## GLASS v. GLASS.
### No. 2700.

Court of Civil Appeals of Texas. Waco.
Jan. 30, 1947.

Rehearing Denied Feb. 20, 1947.

Turner, Rodgers & Winn and George S. Terry, all of Dallas, for appellant.

A. J. Roberts, D. A. Frank and Lloyd E. Elliott, all of Dallas, for appellee.

LESTER, Chief Justice.

This is a suit by bill of review to set aside a judgment that was rendered at a former term of the court in Cause No. 64, 221-B, styled Meredith E. Glass v. Margaret B. Glass.

The appellee, Mrs. Margaret B. Glass, and her former husband, Meredith E. Glass, were married in 1913, but by reason of some discord that arose between them they had not lived together as husband and wife since about 1931 or 1932. On April 14, 1942, Meredith E. Glass filed a suit for divorce and a settlement of their community property was sought. A copy of his petition in said suit and the waiver of citation executed by the appellee, Margaret B. Glass, are attached to her petition in this case and are as follows, to-wit:

"Now comes Meredith E. Glass, hereafter called Plaintiff, complaining of Margaret B. Glass, hereafter called Defendant, and in that connection respectfully shows as follows:

"(1) That the Plaintiff, Meredith E. Glass, and the defendant, Margaret B. Glass, have both resided in Dallas County more than six months prior to the filing of this petition, and in the State of Texas more than a year prior to the filing of this petition.

"(2) That the plaintiff and the defendant were married on June 10, 1913, and there was born of such marriage one child who has now attained her maturity and is married, living with her husband.

"(3) That the plaintiff and the defendant were uncongenial and more than eleven years prior to the filing of this petition agreed to live separately and apart from each other and thereafter did live separately and apart from each other without cohabitation for over ten years; that they are still separated and have not resumed marital relationship.

"(4) That both the plaintiff and the defendant are mentally competent and they have agreed upon the following settlement of their property rights, subject to the approval of the Court in this cause: Plaintiff has agreed to pay to the defendant the sum of Three thousand Seven hundred and Fifty dollars ($3,750.00) in cash and has further agreed that the Court in final decree may adjudicate in fee simple to the defendant the following described lot or parcel of land situated in Dallas County: Being all of Lot 10, of Block R, of 1860 Munger Place addition No. 2, in the City of Dallas, and the West part of Lot 9 of the same block; being 10 ft. x 45 ft. x 45 ft., of the said Lot 9; such property being the community property of the plaintiff and defendant, and likewise, a 1939 Ford Coupe, now in the possession of the defendant.

"The defendant has agreed that the Court may adjudicate to the plaintiff all interest in the stock of the corporation known as Lyne and Glass, Incorporated, and any other assets of the community estate of the parties not specifically described.

"Wherefore, premises considered, plaintiff prays that citation issue in terms of law and upon final hearing the Court enter its decree dissolving the bonds of matrimony existing between the parties and, further, approving the property settlement entered into, and for such other relief to which he may be entitled."

"Waiver of Citation.

State of Texas
County of Dallas

The undersigned, Margaret B. Glass, acknowledges receipt of two copies of the petition in the above entitled and numbered cause, one of which is attached to this waiver, and she agrees that no citation need issue in said cause and that this waiver may be filed as her appearance therein, and further agrees that the facts with reference to the separation of the plaintiff and defendant, as alleged, are true and that the property settlement is correctly set out in its terms, and agrees that the Court may enter a decree approving the terms of such settlement in the event the divorce be granted.

Margaret B. Glass."

"State of Texas
County of Dallas

Before me, the undersigned authority, this day personally appeared Margaret B. Glass, who after being by me duly sworn, deposes that she has signed the foregoing Waiver of Citation and Agreement, that she has read the accompanying copy of the petition and fully understands the same.

Margaret B. Glass

Sworn and subscribed to before me this 18th day of April, A. D. 1942.

Paul A. Oatis, Notary Public in and for Dallas County, Texas."

Judgment was entered on May 18, 1942, dissolving the marriage relation existing between them and making disposition of the community property as set out in the petition and agreed to in the waiver of citation executed by the appellee.

Meredith E. Glass, on the 14th day of July, 1942, married Grace Turney and they lived together as husband and wife until the date of his death, which occurred on September 27, 1943.

On May 13, 1944, appellee filed this suit in the nature of a bill of review to set aside the judgment entered in Cause No. 64,221–B in so far as it attempted to dispose of the property rights of the parties. Appellee contends that the judgment in said Cause No. 64,221–B was entered through fraud, accident or mistake, which was without negligence or fault on her part. The petition is very lengthy, consisting of some twenty odd pages and containing many allegations of misrepresentation on the part of the said Meredith E. Glass, but said allegations of fraud in that respect are immaterial here for lack of evidence to support the same. The allegations of fraud submitted to and found by the jury are set

out in appellee's second trial amendment, wherein she alleged "that the said deceased failed to disclose and reveal, but hid and concealed the true amount and value of the community property, both to this court and to this plaintiff, and that the hiding and concealing of the true condition of said estate to this plaintiff by the said deceased, in failing to reveal, disclose and divulge the same was fraud as a matter of law upon the court and the plaintiff, entitling the plaintiff to have said judgment set aside and judgment rendered in her favor as heretofore prayed in her original petition."

The issues submitted to and answered by the jury are as follows:

"Special Issue No. 1: Do you find from a preponderance of the evidence that the deceased, Meredith E. Glass, at the time of the signing by Margaret B. Glass of the waiver in Cause No. 64221–B, styled Meredith E. Glass v. Margaret B. Glass, in the 44th Judicial District Court, Dallas County, and prior to hearing and judgment in said cause, secreted and concealed from Margaret B. Glass the true value of the community assets belonging to himself and Margaret B. Glass? Answer 'yes' or 'no'.

"Answer: Yes.

"If you have answered Special Issue No. 1 in the affirmative or yes, then you will answer Special Issue No. 2, otherwise you need not answer same.

"Special Issue No. 2: Do you find from a preponderance of the evidence that Meredith E. Glass, in concealing from Margaret B. Glass the true value of the community assets belonging to himself and Margaret B. Glass, at the time the said Margaret B. Glass executed the waiver in Cause No. 64221–B, styled Meredith E. Glass vs. Margaret B. Glass, in the 44th Judicial Dist. Court, Dallas County, if you have so found, did so with the intent to defraud the said Margaret B. Glass of her interest in the community estate of himself and the said Margaret B. Glass? Answer 'yes' or 'no'.

"Answer: Yes.

"If you have answered Special Issue No. 1 in the affirmative or yes, then you will answer Special Issue No. 3; otherwise you need not answer same.

"Special Issue No. 3: What amount, if any, do you find from a preponderance of the evidence was the reasonable market value of the home place at 5406 Bryan, in Dallas, Texas, on May 18, 1942? Answer in dollars, if any, and cents, if any.

"Answer: $7500.00.

"If you have answered Special Issue No. 1 in the affirmative or yes, then you will answer Special Issue No. 4; otherwise, you need not answer same.

"Special Issue No. 4: What do you find, from a preponderance of the evidence, was the reasonable market value of the note of Mrs. Pauline J. Lyne on May 18, 1942? Answer in dollars, if any, and cents, if any.

"Answer: $4800.00.

"If you have answered Special Issue No. 1 in the affirmative or yes, then you will answer Special Issue No. 5; otherwise you need not answer same.

"Special Issue No. 5: What do you find, from a preponderance of the evidence, was the cash surrender value of all of the policies of insurance upon the life of Meredith E. Glass, deceased, on May 18, 1942? Answer in dollars, if any, and cents, if any.

"Answer: $1531.00.

"If you have answered Special Issue No. 1 in the affirmative or yes, then you will answer Special Issue No. 6; otherwise you need not answer same.

"Special Issue No. 6: What do you find from a preponderance of the evidence was the reasonable cash market value of the Plymouth Sedan owned and used by the deceased, Meredith E. Glass, on May 18, 1942? Answer in dollars, if any, and cents, if any.

"Answer: $400.00.

"If you have answered Special Issue No. 1 in the affirmative or yes, then you will answer Special Issue No. 7, otherwise you need not answer same.

"Special Issue No. 7: What do you find from a preponderance of the evidence to be the total amount paid by Margaret B. Glass on the Ford automobile? Answer in dollars, if any, and cents, if any.

"Answer: $300.00

"If you have answered Special Issue No. 1 in the affirmative or yes, then you will an-

swer Special Issue No. 8; otherwise, you need not answer same.

"Special Issue No. 8: Do you find from a preponderance of the evidence that Margaret B. Glass, in signing the waiver in Cause No. 64,221-B, failed to exercise ordinary care for the protection of her interest in the community estate? Answer 'yes' or 'no'.

"Answer: Yes.

"If you have answered Special Issue No. 1 in the affirmative or yes, then you will answer Special Issue No. 9; otherwise, you need not answer same.

"Special Issue No. 9: Do you find from a preponderance that Margaret B. Glass acted with diligence in instituting this suit? Answer 'yes' or 'no'.

"Answer: Yes.

"If you have answered Special Issue No. 1 in the affirmative or yes, then you will answer Special Issue No. 10; otherwise, you need not answer same.

"Special Issue No. 10: What, from a preponderance of the evidence, do you find to have been, on May 18, 1942, the fair cash market value of each share of stock in Lyne Glass, Incorporated? Answer in dollars, if any, and cents, if any.

"Answer: $40.00."

Based upon the findings of the jury the court entered judgment decreeing to appellee one-half of the value of each item found by the jury as of May 18, 1942, except the 251 shares of stock in the Lyne & Glass Company, which the court divided equally between the appellant and appellee, and providing that all of said amounts of money and stock awarded to appellee to be subject to a credit upon said judgment in the sum of $3,750, said amount being one-half of the value of the home, leaving appellee's 125½ shares of stock charged with the difference in the sum of $384.50, which appellee had tendered into court.

Appellant appeals upon three propositions as follows:

"Point One: The error of the trial court in rendering judgment for plaintiff in this bill of review without first setting aside the judgment in Cause No. 64,221-B, Meredith E. Glass vs Margaret B. Glass.

"Point Two: The error of the trial court in rendering judgment for plaintiff in this bill of review, when under the answer of the jury to special issue No. 8, the only correct judgment which could be entered was to deny plaintiff's prayer for re-opening and setting aside the decree in cause No. 64,221-B, and to render judgment denying plaintiff any recovery.

"Point Three: The error of the trial court in allowing plaintiff to recover specific assets from the estate of Meredith E. Glass, deceased, the case having been pled, tried and submitted to the jury on the theory only that Meredith E. Glass concealed the value of the respective assets from his wife, Margaret B. Glass."

If appellant is correct in his contention in respect to point 2, points 1 and 3 become immaterial.

It is the well-settled law of this state that a court has control over its judgments during the term at which they are entered, and has the power to correct, modify or set aside the same; but after the term of court at which said judgment was entered has terminated and said judgment has become final, that discretion of the trial court to set aside its judgments which it possessed during the term is lost, and the court is deprived of the power to set the same aside, unless the party seeking relief from such judgment brings himself strictly within the rules with reference thereto. It is also a well-settled rule of law that equity will grant relief through a bill of review from a final judgment though entered at a former term of court when entered through fraud, accident or mistake, but in order to obtain such relief the burden is upon the one seeking such relief not only to allege but to prove, first, that such fraud, accident or mistake occurred; second, that the applicant has a meritorious defense, and third, that said party was prevented from making a valid defense by reason of such fraud, accident or mistake, unmixed with negligence or fault upon the part of such applicant.

The case of Smith v. Ferrell, Tex.Com. App., 44 S.W.2d 962, 963, approved by S. Ct., specifically holds that: "Where the action is to set aside a judgment rendered

at a term of court which has expired when the bill is filed, it is necessary that the petition or bill plead facts sufficient to establish two things: (a) That the petitioner had a good defense to the action in the first instance; and (b) that he was prevented from making such defense by fraud, accident, or the wrongful act of the opposing party, unmixed with any fault or negligence of his own."

In points 7–11 of the opinion in said case the court has the following to say in reference to setting aside judgments after the expiration of the term: "It has been well said that in ordinary cases the trial judge has a certain amount of discretion in granting new trials during the term. However, no such discretion can be exercised after the expiration of the term. The judgment then becomes a vested right which can only be divested by a direct proceeding filed for that purpose, and, when such a proceeding is resorted to, the person presenting the bill must bring himself strictly within the rules of law providing for relief in such cases. It is not enough that he plead and prove that he had a meritorious defense in the first instance, but he must go further and show that he was then free from negligence. In such case he is charged, as a matter of law, not only with what he knew during the term, but what he might have known had he used reasonable diligence."

In the case of Power v. Gillespie, 27 Tex. 370, the court said: "It is a well settled rule that a new trial will not be granted when a party has permitted a judgment to be recovered against him by his own negligence or laches. Nor has a want of knowledge of facts which it was material for him to know, if by the use of reasonable diligence he might have known them, been held to afford him any ground for relief. The question in such cases always is, not what the party knew, but what, by using reasonable diligence, he might have known."

In Harn v. Phelps, 65 Tex. 592, the court had this to say: "To entitle the appellants to the relief now sought (setting aside a judgment) it is necessary that they should show that they were prevented from urging, against the judgment of which they complain, objections which would, or

ought to, have prevented its rendition, and that this prevention resulted from fraud, accident or the act of the adverse party, without fault or negligence on their part."

To quote from all of the decisions on this subject would extend this opinion to a greater length than propriety should permit, but we will quote from a few cases which involve the setting aside of that part of the judgment in divorce cases which pertained to the adjudication of the property rights of the parties:

The case of Donnelly v. Donnelly, Tex. Civ.App., 289 S.W. 110, was a bill of review brought by Mrs. Donnelly to set aside a part of a judgment rendered at a former term, and the main question in that case was whether or not the wife was obligated to show that the judgment in that case was not entered by any fault or negligence or lack of diligence on her part. The trial court granted Mrs. Donnelly the relief prayed for, but the El Paso Court of Civil Appeals reversed and rendered said judgment, and in doing so held that it was the duty of Mrs. Donnelly and her attorney to make inquiry as to the value of the stock involved, and held that she and her attorney were negligent in permitting said decree to be entered.

In Sperry v. Sperry, Tex.Civ.App., 103 S.W. 419, 421, a husband had sued his wife for divorce and a judgment was entered granting said divorce and adjudging to him all of the property. The date of the judgment was April 10, 1906. On the following August 28th Mrs. Sperry brought a bill of review to have the judgment set aside in so far as it adjudicated their property rights and to have the court make an equitable division. Mrs. Sperry had no lawyer in the divorce case and remained away from the hearing. She alleged that said judgment was procured by fraud upon the part of her husband. The trial court sustained general and special exceptions to Mrs. Sperry's petition, which she declined to amend, and the court dismissed the suit. The Dallas Court of Civil Appeals, in passing upon the action of the trial court in dismissing the cause, had this to say: "The law in such case is stated by the Supreme Court in Johnson v. Templeton, 60 Tex. [238,] 239, as follows: 'Bills seeking

relief from final judgment, solemnly rendered in the due and ordinary course of the administration of justice by courts of competent jurisdiction, are always watched by courts of equity with extreme jealousy, and the grounds upon which interference will be allowed are, confessedly, narrow and restricted. It will not be sufficient to show that injustice has been done by the judgment sought to be enjoined. It must further distinctly and clearly appear that this result was not caused by any inattention or negligence on the part of the person aggrieved, and he must, among other matters, show a clear case of diligence and of merit to obtain the interference of a court of equity in his behalf at such a stage of the case. Relief will not be granted unless the party seeking it can show clearly, to make the satisfaction of the chancellor, that he has a good defense to the action, which he was prevented from making by fraud, accident, or the acts of the opposite party, wholly unmixed with any fault or negligence on his part."

Eldridge v. Eldrige, Tex.Civ.App., 259 S.W. 209, was a bill of review brought to set aside a judgment rendered at a former term by reason of fraud alleged to have been perpetrated by the opposing party. The trial judge sustained a general demurrer to the petition and Judge Fly, speaking for the San Antonio Court of Civil Appeals, held that a party has a right to set aside a judgment entered at a former term, by bill of review, under proper allegations and proof that said judgment was entered through fraud, without any negligence or lack of diligence upon the part of the one seeking relief from said judgment; and held that the party was entitled to his day in court and that it was error for the court to sustain the general demurrer and dismiss the case.

The case of Humphrey v. Harrell, Tex. Com.App., 29 S.W.2d 963, 964, also involved a bill of review brought to set aside a judgment which had been rendered at a former term of court, and Judge Sharp, speaking for the Commission of Appeals, had this to say:

"The rule is well established in this state that, in order to permit the defendants in this suit to set aside the judgment by de-

fault rendered herein after the term of the court in which it is rendered has expired, the burden rests upon the defendants to allege and prove the following requisites:

"(a) That the defendants were prevented from presenting their defense by fraud, mistake, or accident, and without any want of proper diligence on their part.

"(b) That they have a meritorious defense."

Wagley v. Wagley, Tex.Civ.App., 230 S.W. 493, by the Beaumont Court of Appeals, was an action by bill of review brought in the district court to set aside a judgment rendered at a former term. The court held that a judgment may be set aside by a direct suit brought for that purpose, upon a proper showing of fraud, accident or mistake, but further held that a judgment will not be set aside on direct suit, despite showing of fraud, accident or mistake, unless the party seeking relief can show that he was prevented from making a valid defense by fraud, accident or the act of the opposite party, unmixed with fault or negligence on his part.

This rule is universal, even though the party seeking such relief has suffered great injury by reason of said judgment having been entered against him. But injury sustained by the applicant alone is not sufficient to have the same set aside by a bill of review, for he has a right by way of appeal and writ of error to correct errors of law that have been committed in the entering of the judgment. In order to set aside the judgment entered at a former term, regardless of the amount of injury he has sustained, the applicant has the burden of establishing by a preponderance of the evidence that said judgment was entered without negligence or fault upon his part.

Appellee cites the case of McMurry v. McMurry, 67 Tex. 665, 4 S.W. 357, 360, which was a suit brought in the nature of a bill of review to set aside a decree granting a divorce and adjudicating the property rights between the parties, which was entered at a former term. The trial court sustained demurrers and dismissed the petition, and the Supreme Court, in passing upon the question of the sufficiency of the petition, had this to say. "If the averments

of the petition before us are true, it cannot be denied that the plaintiff in error was prevented, by the fraud of the adverse party, from fully presenting all of her case at the time the decree was entered, and so without any want of diligence on the part of herself or counsel."

Plaintiff, in the bill of review, claimed that she was ignorant of the extent and value of the community property owned by herself and defendant and that she had no way of ascertaining the same, and set up allegations which, if sustained on the trial, would afford her the right to have the judgment vacated and set aside. The court further held: "Such being the effect of ignorance of fact not resulting from a want of diligence, what must be the effect of such ignorance when knowledge is not only withheld, but concealed by false swearing, by one whose relation * * * to the ignorant beneficiary is such that to withhold needed in formation is a breach of duty constituting fraud."

Appellee also cites 31 Am.Jur. 233; Laun v. Kipp, 155 Wis. 347, 145 N.W. 183, 5 A.L.R. 672; 113 A.L.R. 1235; Schneider v. Sellers, 25 Tex.Civ.App. 226, 61 S.W. 541; Mills v. Baird, Tex.Civ.App., 147 S.W.2d 312; Ralls v. Ralls, Tex.Civ. App., 256 S.W. 688; and Eldridge v. Eldridge, Tex.Civ.App., 259 S.W. 209; but appellee in her brief does not cite a single Texas case that holds that the applicant in a bill of review to set aside a judgment rendered at a former term is not required to allege and prove that the judgment complained of was entered without negligence or fault upon the part of said applicant.

■ Appellee says that the finding of the jury that she failed to exercise ordinary care for the protection of her . interest in the community estate in signing the waiver of citation in the divorce suit, is immaterial, because there was no finding by said jury that such negligence entered into or caused the rendition of the judgment that she now complains of. Our Rules of Civil Procedure, 279, require that the court, in all cases, shall submit the controlling issues of fact to the jury, and one of the controlling issues in this case, and a very important one, was whether the judgment rendered in the divorce suit was entered without negligence or fault on the part of the appellee. She had the burden to establish by a preponderance of the evidence the affirmative of that issue. The court submitted said issue without any objection on the part of appellee and without the request on her part for additional findings in that respect. Therefore, we think that she is now bound by said finding. The question of whether the judgment was rendered unmixed by her negligence or fault was one of the main issues before the court and jury, and the only excuse given by her for not defending her rights in the protection of her interest in the community property is that she did not know the value of it, but she offered no testimony as to what investigation she made, if any, or the reason why she did not make any if she did not do so.

Appellee also says that the finding of the jury in answer to Special Issue No. 8, in which the jury found that appellee failed to exercise ordinary care for the protection of her interest in the community property in executing the waiver of citation in the divorce suit, has become immaterial, since the jury found, in response to Special Issue No. 9, that the appellee acted with diligence in instituting this suit. As said before, appellee Margaret B. Glass testified as a witness in her own behalf in this case, but she did not testify when she discovered that she had been defrauded in the divorce suit, whether it was during the term at which the judgment was entered or after the expiration of the same. There was no testimony as to what diligence, if any, she exercised, and not a single witness testified that her former husband had made any misrepresentation whatever to her. We do not believe that the finding of the jury to Special Issue No. 9 relieved the appellee of the burden to allege and prove that the judgment complained of was entered unmixed with negligence or fault on her part, or rendered their answer to Special Issue No. 8 immaterial, since the jury specifically found that she was negligent in executing the waiver of citation.

The judgment of the trial court is reversed and judgment is rendered in favor of appellant.