## MAYO v. MAYO.

### No. 12669.

Court of Civil Appeals of Texas.

San Antonio.

June 9, 1954.

Ottis A. West, and Guy Bonham, San Antonio, for appellant.

Baskin, Casseb & Casseb, John M. Gilliland, and Frank J. Baskin, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted in the 73rd District Court of Bexar County by E. H. Mayo, on November 14, 1949, against Josephine Mayo, seeking in effect to set aside two deeds as fraudulent and as having been executed for the purpose of hindering, delaying and defrauding creditors, one having been executed on August 9, 1947, by O. K. Mayo to his wife, Josephine Mayo, conveying to her a parcel of land described as follows:

"The north one-half (½) of Lot 5, Block No. 37, Oak Cliff Addition to the City of Dallas, in Dallas County, Texas."

and the other deed was of the same date and between the same parties, conveying another parcel of land, described as follows:

"Lot No. 4, Block No. 21/3002, Oak Cliff Addition to the City of Dallas in Dallas County, Texas."

These deeds were recorded in Dallas County on May 12, 1948. The consideration for each of these two deeds was the sum of $1 and love and affection.

Plaintiff alleged that he had recovered two judgments against O. K. Mayo in the District Court of Jefferson County, Texas, one dated January 25, 1949, in the principal sum of $278,658.48, and the other dated January 28, 1949, in the principal sum of $111,472.13. Plaintiff attempted to have the lots described in the above two deeds sold in satisfaction of his judgments.

The trial was to a jury and, based upon their verdict, judgment was rendered in favor of Josephine Mayo denying E. H. Mayo any recovery and removing any cloud cast upon the title of Josephine Mayo to the two tracts of land, from which judgment E. H. Mayo has prosecuted this appeal.

Appellant's first seven points complain of the action of the court in allowing appellee to offer parol evidence to vary and contradict the provisions of his two Jefferson County judgments against O. K. Mayo. Appellant contends that this action by the trial court permitted a collateral attack upon the judgments. Appellant's 8th to 11th points relate to the failure of the court to sustain his special exceptions 1, 2, 3, 4, 5, 6 and 7, presenting the contention that appellee by her pleadings was making a collateral attack upon these Jefferson County judgments. These eleven points must stand or fall upon the question of whether the Jefferson County judgments were subject to collateral attack by appellee in this suit.

The effect of the trial court's ruling was that a stranger to a personal judgment can make a collateral attack upon it in suits of the nature of the instant suit. Josephine Mayo was not a party to either suit in Jefferson County, in which the judgments were obtained. These judgments show upon their face to be consent personal judgments. Judgments in personam are binding upon the parties thereto but not upon strangers. The judgments were admissible in evidence as prima facie proof of the existence of the indebtedness prior to the two gift deeds, but only as prima facie proof and the trial court properly overruled appellant's special exceptions and properly allowed appellee to offer parol evidence to contradict the judgments. Stolte v. Karren, Tex.Civ.App., 191 S.W. 600; McCamant v. Roberts, 66 Tex. 260, 1 S.W. 260; Parks v. Worthington, 101 Tex. 505, 109 S.W. 909; Cone v. Belcher, 57 Tex. Civ.App. 493, 124 S.W. 149; Ibanez v. State, Tex.Civ.App., 118 S.W.2d 405.

The rule is well stated in 20 Tex.Jur. p. 511, § 177, as follows:

"A creditor's judgment, though rendered subsequent to the conveyance sought to be attacked, is admissible for the purpose of establishing the indebtedness; as to the grantor it is final and conclusive but as to the grantee it is only prima facie evidence of the facts it purports to adjudicate. But if the judgment is based on the confession of the debtor after the execution by him of the deed attacked, it would seem to afford no evidence of the fact of indebtedness for 'there should be some further proof of the fact that the debt had real existence than a judgment which registers only the admission of the defendant made after he had conveyed the property sought to be subjected.'"

Appellant contends that after the death of O. K. Mayo appellee qualified as independent executrix of the estate of O. K. Mayo, and that by reason thereof she became a privy of O. K. Mayo, deceased;

and was therefore not a stranger to the Jefferson County judgments. This suit was not against appellee as such executrix, but against her individually, and the mere fact that she happened to be executrix of the estate of O. K. Mayo, deceased, does not render her his privy in this suit against her as an individual, involving the two personal judgments against O. K. Mayo.

In discussing privity and privies, it is said in 72 C.J.S., Privity, Privies, Privy, pages 956, 958:

"The ground of privity is property, not personal relation, and it relates to persons in their relation to property, and does not relate to any question, claim or right independent of property. There are various kinds of privity which are discussed in following subdivisions, but, whether the privity be one of estate, contract, blood, or law, it has no personal basis as a mere matter of sentiment, but rests on some actual mutual or successive relationship to the same right of property. * * *

"In order to make a man a privy to an action he must have acquired an interest in the subject matter of the action either by inheritance, succession, or purchase from a party subsequently to the action, or he must hold property subordinately."

See also, Howell v. Bartlett, Tex.Civ. App., 19 S.W.2d 104; 50 C.J.S., Judgments, §§ 756, 757, pages 276–277; 26 Tex.Jur. 20–22, § 356; Armstrong v. Anderson, Tex. Civ.App., 91 S.W.2d 775, reversed on other grounds, 132 Tex. 122, 120 S.W.2d 444.

■ Appellant contends further that, in any event, appellee, Josephine Mayo, having qualified as independent executrix of the estate of O. K. Mayo, deceased, could have instituted a bill of review proceeding to set aside the two Jefferson County judgments and was therefore precluded from making a collateral attack upon such judgments. We overrule this contention. A bill of review is a very limited, narrow and often incomplete remedy. The mere fact that injustice has been done does not jus-

tify resort to the remedy unless other narrow and unbending requirements are met. Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996; 6 Tex.Jur.Supp., pocket part, §§ 185, 194. If Josephine Mayo had filed a bill of review she would have been compelled to do so in her representative capacity of independent executrix of the estate of O. K. Mayo, deceased, while in this case she is being sued in her individual capacity.

We have examined the other points presented by appellant and find them without merit and they are therefore overruled.

The judgment is affirmed.