**Eva Jo BOLEY, Appellant,**

v.

**Donal E. BOLEY et al., Appellees.**

**No. 17469.**

Court of Civil Appeals of Texas, Fort Worth.

March 1, 1974.

Rehearing Denied March 29, 1974.

Boone & Pickering, and Kiel Boone, Dallas, for appellant.

Fillmore, Parish, Martin, Kramer & Fillmore, and H. Dustin Fillmore, Wichita Falls, for appellees, Donal E. Boley, Donna Jo Boley, and The First-Wichita Natl. Bank of Wichita Falls.

Fillmore, Lambert, Farabee & Purtle, and Clyde Fillmore, Wichita Falls, for appellee, J. B. Featherston.

Banner & McIntosh, and Tom A. Neely, Wichita Falls, Guardian Ad Litem for nominal Appellees, Bradley Glen Boley and Barton Lee Boley.

## OPINION

LANGDON, Justice.

This appeal is from the trial court's summary judgment for appellees, Donal E. Boley and J. B. Featherston, denying appellant's bill of review attacking August 7 1972, judgment of the same trial court, Cause No. 92,250–A "In the Matter of the Marriage of Eva Jo Boley and Donal E. Boley."

The Boleys were married in 1948 and lived together as husband and wife until June 1, 1972. Through an attorney, Wil-

liam V. Browning, Eva Jo Boley commenced divorce proceedings June 5, 1972, during which the Boleys executed a July 27, 1972, property settlement and support agreement. That agreement was approved and divorce granted August 7, 1972.

Appellant filed this suit January 22, 1973, initially against Donal E. Boley, claiming his fraud against, and his overreaching of appellant. As a direct attack, appellant brought in the nominal defendants, The First-Wichita National Bank and the three Boley children. Such nominal defendants were, respectively, the Trustee and beneficiaries under a Trust Agreement contemplated by the July 27, 1972, property settlement.

On hearing for a temporary injunction the principals, Eva Jo Boley and Donal E. Boley, testified as did J. B. Featherston and William V. Browning.

By amended pleadings appellant sued J. B. Featherston and, by separate count, William V. Browning.

Appellees, Donal E. Boley and J. B. Featherston, strenuously excepted to appellant's pleadings.

The trial court required repleading. Thereafter, appellant filed her Third Amended Petition and Bill of Review, appellant's current pleadings at summary judgment hearing.

Concurrently, appellant sought discovery as to the properties and rights between Eva Jo Boley and Donal E. Boley on August 7, 1972. Substantially all of the discovery sought was denied or delayed and later denied.

Defendants, Donal E. Boley and J. B. Featherston, moved for summary judgment based upon all pleadings and testimony of all witnesses. Appellant answered asserting the existence of genuine issues of material facts on the pleadings, such evidence, the requests for discovery and affidavits.

The trial court granted defendants' motion for summary judgment rendering moot appellant's discovery attempts of and from appellees, Boley and Featherston. Appellant dismissed her separate count claims against William V. Browning and acknowledged that her claims against nominal defendants, the Bank and the children, fell by denial of her claims against defendant, Donal E. Boley.

Although appellant's claims against primary defendants, Boley and Featherston, were summarily disposed of, appellant did assign trial court errors in motion for new trial, all overruled May 24, 1973, from which she has undertaken this appeal.

The record below includes the February 8, 1973, temporary injunction hearing testimony, the March 19, 1973, hearing discourse and documents, and transcript in two parts.

Appellees agree that appellant's statement of the nature of the case above set out is substantially correct, however, the appellee, J. B. Featherston, suggested additionally that in Cause No. 92,250–A Eva Jo Boley filed suit for divorce against Donal E. Boley in the 30th District Court · of Wichita County, Texas; thereafter, on July 27, 1972, Eva Jo Boley and Donal E. Boley entered into a property settlement agreement. On August 7, 1972, plaintiff, Eva Jo Boley, was granted a divorce from her husband, and the court found that the property settlement agreement was just, right and equitable, and approved the same.

The judgment granting divorce and approving the property settlement agreement was approved by the attorney representing the plaintiff, Eva Jo Boley, as well as the attorney representing the defendant, Donal E. Boley. An inventory and appraisement dated May 25, 1972, was submitted to the plaintiff and her attorney prior to the time said property settlement agreement was executed. The statement of facts shows that the appellant and her attorney had knowledge of and were familiar with the nature

and extent of the community property resulting from said marriage.

The plaintiff dismissed her alleged cause of action against her attorney, William V. Browning, desiring no further to pursue her claim that he was negligent in his representation of her.

On February 15, 1974, subsequent to submission of this cause and the arguments of counsel, a suggestion of marriage was filed by which the court was advised that Eva Jo Hooper, formerly Eva Jo Boley, was married to A. B. Hooper, Jr., on February 1, 1974, and that A. B. Hooper, Jr., in accordance with Rule 157, Texas Rules of Civil Procedure, was joining his wife as appellant.

The style of the cause on our minutes was changed to designate Eva Jo Hooper, et vir., as appellants, rather than Eva Jo Boley; however, for convenience we leave the heading of this opinion as originally docketed.

This appeal is based upon five (5) points asserting that the trial court erred in (1) preventing appellant's proper discovery while hearing and sustaining summary judgment motions of appellees, Boley and Featherston; (2) failing to find any genuine issue of any material fact between appellant and appellees, Boley and Featherston; (3) preventing appellant's recovery of proper discovery in the several stages of appellant's pleadings; (4) apparently determining that appellant's successive pleadings failed to give fair notice of appellant's claims to appellees, Boley and Featherston; .and (5) that the trial court abused its discretion in burdening appellant with cost, effort and expense in otherwise obtaining and authenticating relevant and material documents by preventing their discovery under Rules 167, 168 and 169, T.R.C.P.

We affirm.

In the discussion to follow the appellant, Eva Jo Boley, now Eva Jo Hooper, will be called Eva Jo or appellant, Donal E. Boley will be called Donal, and J. B. Featherston will be called by name.

We find and hold that the judgment of the trial court is correct because, if the original judgment sought to be set aside was entered through fraud, accident or mistake, the same was a result of negligence or fault on the part of Eva Jo. There is no genuine issue of a material fact in this case.

William V. Browning, attorney for the appellant in the original trial, was admitted to the practice of law in the State of Texas in 1955 and has practiced law in Wichita Falls, Wichita County, Texas, since the summer of that year. During this period of time, he has served as an attorney in numerous divorce cases. He has known Eva Jo and Donal since 1958. Eva Jo's sister, Mrs. Sue Parish, was at one time employed by Browning.

Bill Browning was hired to represent Eva Jo in her divorce. She knew Browning "real well," liked him, and referred to him as a "nice guy." Eva Jo designated Browning as the attorney she wanted to use. In response to a telephone call from Donal which was made in the presence and with the approval of Eva Jo, Browning agreed to represent Eva Jo in the divorce proceeding which was subsequently filed by Bill Browning for and on her behalf.

Browning testified that Donal did not want the divorce, that obtaining the divorce was all Eva Jo's idea because she wanted to be relieved of the responsibility of raising her minor son and of her home. He further testified that his full allegiance was to his client, Eva Jo. That he had no contact with Donal from the time that he was hired to represent Eva Jo until the divorce was granted except when Eva Jo and H. W. Fillmore, Donal's attorney, were all present. That the divorce and property settlement was Eva Jo's "deal." The record reflects that Browning conducted the divorce proceedings in full accord with the wishes and desires of his client, Eva Jo.

During the pendency of the divorce case, Browning, accompanied by Eva Jo, reviewed a financial statement prepared by J. B. Featherston. However, the statement was not the basis for the property settlement. The statement was never an issue at any time. According to Browning, Eva Jo hired him to advise and counsel with her. "She came to my office and told me she wanted a divorce, she couldn't cope with the situation at home, the children and all. She wanted to be by herself. . . . Really, it never entered my mind that this was not what Mrs. Boley wanted or that we were doing what she wanted to have done."

Browning further testified that he determined that an annuity which would produce the same amount of income to Eva Jo, as she would receive from Donal under the property settlement agreement, would cost $90,000.00, the estimated value of the net worth of the whole community estate.

During the pendency of the divorce case, Browning met privately in his office with Eva Jo on numerous occasions. He participated in every phase of the divorce proceeding, including the preparation and drafting of the property settlement agreement, he went over the property settlement agreement with his client. Eva Jo appeared in open court at the time of the granting of the divorce and again the property settlement was discussed and Eva Jo requested that the settlement be approved by the court.

After the divorce was granted, Browning saw Eva Jo on a number of occasions. At no time did she ever express any dissatisfaction with the divorce settlement. Browning testified that he has not at any time been aware of any effort to conceal, secrete or misrepresent any fact, nor was he aware of anyone attempting to defraud Eva Jo.

At the time the trial court granted appellee's motion for summary judgment in this cause the appellant's cause of action against Bill Browning was pending. In her pleadings Eva Jo charges Bill Browning with numerous acts of negligence in his representation of her and claims that such negligence was a proximate cause of the damages which she sustained.

Under this record the appellant has failed to show that any fraud, accident or mistake occurred and that if it did that it was unmixed with negligence or fault on her part.

In Glass v. Glass, 199 S.W.2d 678 (Waco Civ.App., 1947, writ dism.) the court said: ". . . the burden is upon the one seeking such relief not only to allege but to prove, first, that such fraud, accident or mistake occurred; second, that the applicant has a meritorious defense, and third, that said party was prevented from making a valid defense by reason of such fraud, accident or mistake, unmixed with negligence or fault upon the part of such applicant." See also Smith v. Ferrell, 44 S.W. 2d 962, 963 (Tex.Com.App., 1932).

In Power v. Gillespie, 27 Tex. 370, it was held that: "The question in such cases always is, not what the party knew, but what, by using reasonable diligence, he might have known." To the same effect see Donnelly v. Donnelly, 289 S.W. 110 (Tex.Civ.App., 1926, writ dism.) and also see the landmark case of Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996 (1950).

■ The testimony referred to hereinabove together with the judicial admissions contained in Eva Jo's pleading wherein she charges Bill Browning with negligence have not been disputed or legally controverted and the same operate to defeat appellant's right to any relief. Gulf, Colorado & Santa Fe Railway Company v. McBride, 159 Tex. 442, 322 S.W.2d 492 (1958).

There is no evidence in the record creating a fact issue, and no issue is raised by affidavit. Medina v. Sherrod, 391 S.W.2d 66 (San Antonio Civ.App., 1965, no writ hist.).

Appellant cannot escape the effect of the testimony in this record and her judicial admissions by simply charging Bill Browning, her attorney, with dishonesty. In disposing of an almost identical situation, the Court in Medina v. Sherrod, supra, stated:

"Considering plaintiff's sworn reply and supplemental petition together, the only material statements of fact relating to fraud are to the effect that defendant made a promise, that plaintiff relied on such promise, and that defendant did not perform. Concerning the state of mind of defendant at the time the promise was made, plaintiff merely swore that defendant, at the time he made the promise in question, had no intention of performing. There is no statement of any facts known to plaintiff that might circumstantially reveal defendant's intent at the time the promise was made. The intent not to perform, which is an indispensable element of the fraud on which plaintiff relies, is supported only by the bare assertion of plaintiff as to defendant's state of mind at the time the promise was made. . . .

". . . Statements of opinion and conclusions are insufficient, even if sworn to, to raise an issue of fact."

We are unable to find anything in the record to raise the issue that Bill Browning was actually working for Donal while pretending to represent Eva Jo. The evidence is undisputed that Bill Browning provided Eva Jo with a full and complete explanation of her rights and remedies. In full possession of such knowledge and information, she voluntarily consented to the judgment including the property settlement and support agreement which she now seeks to set aside. There is nothing in the record before this Court to raise the issue or even suggest that the prior judgment was a result of dishonesty on the part of Bill Browning. The record reflects that he did everything he did in an attempt to comply with the desires of his client.

Under the authorities above cited it is essential to appellant's right to a bill of review to plead and prove among other things that the judgment which she seeks to set aside was not the result of negligence or fault on her part. The record in this case establishes the contrary as a matter of law.

It is undisputed that on or about July 31, 1972, Eva Jo and her attorney appeared in open court and submitted to the Court for his approval a property settlement and support agreement, which had previously been agreed to and executed by Eva Jo and Donal. On August 7, 1972, based upon Eva Jo's petition and her request for approval of such property settlement and support agreement, the court rendered and entered a judgment granting Eva Jo a divorce from Donal and approving the property settlement and support agreement.

The appellees in an attempt to ascertain the fraudulent conduct relied upon by Eva Jo filed exceptions and objections which the trial court sustained and by such order required appellant to plead specifically the facts upon which her allegations of fraud were based. The Third Amended Petition and Bill of Review filed by the appellant failed to meet the exceptions and objections sustained by the trial court.

A bill of review is an equitable remedy to set aside a judgment solemnly rendered by a court of competent jurisdiction. It is not available unless a party seeking such remedy brings himself within the narrow and unbending requirements for such relief. Mayo v. Mayo, 269 S.W.2d 434 (San Antonio Civ.App., 1954, no writ hist.); Everett v. Everett, 309 S.W.2d 893 (Waco Civ.App., 1958, ref., n. r. e.). In Bankston v. Bankston, 251 S.W.2d 768 (Dallas Civ. App., 1952, mand. overruled), a similar case, the court said: "In the first place, the fraud here portrayed is intrinsic in kind rather than extrinsic. . . . (Cases cited.) Plaintiff's bill, in allegations, discloses no situation where W. O. Bankston, by acts or statements, prevented a real litigation or investigation of her rights or from otherwise obtaining a fair hearing of

her claim to an equality of estate. The fraud at most relates to untruths which misled both plaintiff and counsel into acquiescence and approval of an unjust division of property. If misrepresentations were made and appellant relied thereon, they bore either actually or potentially on the matters at issue in the former trial and thus tantamount to no more than intrinsic fraud. The rule supported by the overwhelming weight of authority is that fraud as a ground for vacating a judgment must be 'what is known as "extrinsic" fraud, that is, fraud in the means whereby the judgment was procured, and not fraud in the cause of action or matter put in issue and presented for adjudication. . . .' " To the same effect see Bell v. Bell, 434 S.W.2d 699 (Beaumont Civ.App., 1968, ref., n. r. e.) holding that, "According to the rule stated by the Supreme Court of Texas in Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996, the matters complained of by plaintiff in this case would constitute intrinsic fraud and would not entitle plaintiff to have the judgment of the trial court set aside." See also Neill v. Neill, 386 S.W.2d 642 (Austin Civ.App., 1965, writ dism.), an appeal from a summary judgment which denied appellant a bill of review. See also Crouch v. McGaw, 134 Tex. 633, 138 S.W.2d 94 (1940) and Hoyt v. Hoyt, 351 S.W.2d 111 (Dallas Civ.App., 1961, writ dism.).

■ Here the record discloses that Donal Boley was represented by H. W. Fillmore. The latter insisted that Eva Jo have her own attorney to represent her interests. Her rights were fully explained by her own attorney. Thereafter, she voluntarily executed the property settlement and support agreement which was presented in open court and at her request was approved by the court and made a part of the judgment.

At most the matters here complained of by appellant constitute intrinsic fraud.

■ In our opinion the trial court was correct in limiting appellant's right of dis-covery. The error, if any, in this regard was harmless because appellant in seeking a bill of review failed to bring herself within the narrow requirements for the relief she sought. Mayo v. Mayo, supra; Everett v. Everett, supra; Smith v. Ferrell, supra; Alexander v. Hagedorn, supra; American Spiritualist Association v. City of Dallas, 366 S.W.2d 97 (Dallas Civ. App., 1963, no writ hist.); and Ehrhardt v. Ehrhardt, 364 S.W.2d 471 (Houston Civ. App., 1963, no writ hist.).

Had the trial court permitted sufficient discovery to enable appellant to prove all of the factual allegations set forth in her pleading it would be insufficient to constitute a basis for a bill of review because such factual allegations as alleged by appellant do not amount to extrinsic fraud.

Finally, O'Meara v. O'Meara, 181 S.W.2d 891 (San Antonio Civ.App., 1944) in which writ was refused by the Supreme Court, is a leading case in regard to setting aside a final judgment involving a property settlement in a divorce case by a bill of review. The allegations in the O'Meara case are very similar to the allegations in the case at bar. Mrs. O'Meara filed suit for divorce and sought a partition of the community property. The divorce was granted and a property settlement agreement approved by the Court which had been entered into by Mrs. O'Meara and her husband and approved by their respective attorneys.

In O'Meara the trial court denied the bill of review and entered an order dismissing the cause. This action was affirmed by the Court of Civil Appeals holding that: "We are of the opinion that appellant's bill of review alleges only intrinsic fraud and is insufficient to allege extrinsic fraud. It is well settled that after a judgment has become final by adjournment of court it will only be set aside upon allegation and proof of 'extrinsic fraud' as distinguished from 'intrinsic fraud.' "

■ By way of summary and an objective look at the facts here involved we find

that Eva Jo and her husband had been married for almost a quarter of a century when at her request the court approved the property settlement agreement and granted her a divorce on August 7, 1972. This was to lessen her responsibilities of home and children, to disengage her from the tenacles of marriage and its attendant problems. At her request an attorney of her choice filed proceedings in her name. At all times he was ready and willing to devote his time and energy in her behalf in connection with the pending suit. We are of the opinion that her attorney, unless advised to the contrary by her, could assume that Eva Jo was fully aware of and familiar with all of the property and other assets owned by her and her husband. It is rare indeed, in the absence of a mental problem, to find a situation in which the wife is not fully aware of all property and assets which constitute the community property of the marriage. When she arrived in court Eva Jo did not hold up her hand and tell the court that she was completely ignorant of the description and value of the property. She only requested the court to approve the settlement she had agreed to. Had the court or her attorney been apprised of any of the complaints now being made by the appellant it is certain some action to secure justice for all parties would have been launched. We believe the court and Eva Jo's attorney were entitled to this courtesy of apprisal and given an opportunity to act before a suit to censure them be filed. These constitute some of the reasons a bill of review is narrow and confining in its requirements.

In this day and time the trial courts are hard pressed to keep abreast of their docket. Certainly they do not have the time for exercises in futility. At the time Eva Jo appeared before the trial court she said nothing, and she did nothing to apprise the court of any of the matters now complained of.

At this point in time Eva Jo has a new husband and a new attorney and wants a new trial. We do not believe that she has

demonstrated by fact and controlling law that she is entitled to the relief she seeks. She has had her day in court and on that occasion was granted every item of relief requested by her. She was not denied any relief sought by her on that occasion.

All points of error have been carefully considered. Each of them is respectively overruled. The judgment of the trial court is accordingly affirmed.