## W. L. HAGAN v. R. L. SNIDER.

Decided November 3, 1906.

**1.—Guardianship—Certificate of Appointment.**

An order of appointment as guardian, made by a United States Court in the Indian Territory, which lacked the certificate of the judge that the attestation was in due form, is not competent evidence.

**2.—Same—Jurisdiction—Residence.**

Under the provisions of article 2565, Revised Statutes, providing for the appointment of a guardian of an orphan in the county where such orphan is found, our Probate Courts have power to appoint a guardian of the person and estate of an orphan who had been brought to Texas from the Indian Territory where her last surviving parent had resided and recently died.

**3.—Sworn Denial—Statute Construed.**

Where the plaintiff sues in the capacity of guardian to set aside an order of court appointing another as guardian of the same orphan the answer of the defendant denying the rights of the plaintiff as guardian need not be verified. Subdivision 3 of article 1265 of the Revised Statutes does not apply.

Appeal from the District Court of Erath County. Tried below before Hon. W. J. Oxford.

*B. C. Logsdan* and *Martin & George,* for appellant.—The residence of an orphan is the place where the last surviving parent of such orphan resided at the time of the death of such parent. Sayles' Civ. Stats., art. 2564; Hardy v. De Leon, 5 Texas, 236; Munson v. Newson, 9 Texas, 109; Russell v. Randolph, 11 Texas, 467; Trammell v. Trammell, 20 Texas, 416; Wheeler v. Hollis, 19 Texas, 526; Lacy v. Clements, 36 Texas, 665; 8 Texas Civ. App., 394; Taylor v. Jeter, 81 Am. Dec., 202; Allgood v. Williams, 8 So. Rep., 722; Mills, Guardian, v. City of Hopkinsville, 11 S. W. Rep., 776.

In a suit by one in the capacity of guardian the representative capacity of the plaintiff need not be proven in the absence of a proper plea denying under oath the right to thus sue; it is presumed or taken as true. Sayles' Civ. Stats., art. 1265, sub. 3; also see art. 2559 Sayles' Stats.; Dolson v. DeGanahl, 70 Texas, 620.

*Oxford & Carlton,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—Appellee brought Bessie B. Snider, his niece and an orphan about eight years old, from Marietta, Indian Territory, where her last surviving parent had resided and died, to his home in Erath County, Texas, to live and abide with him there, and was then appointed guardian of her person and estate by the County Court of that county May 15, 1905. Appellant, a resident of the Indian Territory and a stranger to the orphan, by a proceeding instituted in said County Court, sought to have this appointment vacated, and, being unsuccessful both in that court and in the District Court on appeal, has brought the case here.

The grounds of attack on the order appointing appellee guardian were thus stated in appellant's petition: "That said order is void and of no effect for the following reasons, to wit: First, because this court was without jurisdiction either of the person or estate of said minor. Second, because there was already a legal guardian of the person and estate of said minor, duly qualified and acting as such, appointed by a court of competent jurisdiction. Third, because the application upon which this court acted in making said appointment contained false representations and was a fraud upon the court."

The proof failed to sustain the second and third grounds, the court having properly excluded the certified copy offered by appellant to show his alleged prior appointment as guardian of said minor by the United States Court for the Southern District of the Indian Territory, on the objection that it lacked the certificate of the judge that the attestation of the clerk was in due form, as required in article 905 of United States Revised Statutes.

The first and main ground, though stated in general terms, presents for determination the question, whether the fact that the last surviving parent of Bessie B. Snider was residing at Marietta, Indian Territory, at and for two years prior to the time of his death, which occurred April 8, 1905, deprived the Texas court of jurisdiction to appoint a guardian for her after her uncle had brought her to Texas to reside with him, in obedience to the dying request of her father? The argument advanced by appellant in support of the affirmative of the proposition proceeds on the assumption that no change can take place in the residence of a minor after the death of the last surviving parent, and the district judge seems to have adopted this view, but further held, in an interesting opinion reviewing the history of legislation and judicial construction affecting the question, that under our present statute (article 2565) providing for the appointment of a guardian of an orphan in the county where such orphan is found, residence, in its technical sense, of such orphan is not essential to the power of the Probate Court to appoint a guardian. In further support of this view, which we approve, the

case of De La Montanya v. De La Montanya, 112 Cal., 131, may be cited, in which it was held that the mere presence of an infant might confer jurisdiction, the judge using the following language: "Jurisdiction to appoint a guardian for infants, under the American system, is entirely local. I do not doubt that the mere presence of infants within a jurisdiction is sufficient to confer jurisdiction, although they may be residents of another State. But, as such jurisdiction is always exercised for the good of the child the courts would never allow the power to be used for purposes of oppression, or to prevent an infant temporarily within its jurisdiction from being taken away, when its best interests required it, to its more permanent residence." We are not, however, to be understood as approving the assumption of appellant that no change could take place in the residence of a minor after the death of the last surviving parent, so far at least as the appointment of a guardian is concerned.

It is insisted that the alleged prior appointment of appellant as guardian in the Indian Territory should have been accepted as an established fact for want of a sworn denial in the answer of appellee, but the statute thus invoked is inapplicable. The material question at issue was, not the right of appellant as guardian to maintain this suit, which was unimportant, since the statute (article 2559) provides that any person has the right to commence any proceeding which he considers beneficial to the ward; but whether, conceding the right to commence the proceeding, there was ground for relief. Judgment affirmed.

*Affirmed.*

Writ of error refused.