Callaway, Wade & Davis and Dawson H. Davis, all of Fort Worth, for appellant.

Culbertson, Morgan, Christopher & Bailey and M. Ward Bailey, all of Fort Worth, and Thomas & Thomas, of Big Spring, for appellee.

## POWELL v. JUDD.

No. 14852.

Court of Civil Appeals of Texas.

Fort Worth.

June 20, 1947.

HALL, Justice.

Floyd Smith Judd was a resident citizen of Howard County, Texas, immediately prior to the time that he was confined as a patient in the United States Public Service Hospital at Fort Worth, Tarrant County, Texas, and is admitted by all parties to be a person of unsound mind. The appellant, A. H. Powell, representing Judd's next of kin, filed an application in the County Court of Tarrant County, Texas, to be appointed guardian of the person and estate of Floyd S. Judd. This application was resisted by Gladys Addie Judd, wife of said non compos mentis, on the ground that the county court of Tarrant County did not

have jurisdiction to hear and determine the case upon its merits, but that the venue in such case lay in Howard County, Texas, the resident county of said non compos mentis. The county court overruled such plea and granted letters of guardianship to appellant Powell.

The case was appealed to the 67th District Court of Tarrant County, wherein the judge of said court found that Floyd Smith Judd was a resident of Howard County, Texas, and since his wife had challenged the jurisdiction of the probate court to appoint a guardian, the district court found, among other things, the following: " * * * and the court proceeded to consider the pleadings and hear argument and statements of counsel, in open court, and being fully advised in the premises finds: * * * from the facts the court is of the opinion that the defendant's motion challenging the jurisdiction of the probate court of Tarrant County, Texas, and of this court, should be sustained, and that the Probate Court of Tarrant County, Texas, should dismiss this cause without prejudice."

From such adverse ruling, the appellant Powell, in appealing this case, presents to this court one point of error, as follows:

"Under Article 4117 of the Revised Civil Statutes of 1925 of the State of Texas, as amended, the County Court of any County wherein a person of unsound mind may be found has concurrent jurisdiction (in a venue sense) with the County Court of the County wherein such person of unsound mind may reside or may have had residence at the time of becoming of unsound mind; therefore, appellee's motion to dismiss for want of jurisdiction should have been denied and overruled."

Article 4117, as amended, reads as follows:

"Whenever it comes to the knowledge of the County Judge that any person whose legal domicile is in his County, or who may be found therein, is a minor, a person of unsound mind or habitual drunkard, and is without a guardian of his person or of his estate within this State, and there is probable cause for the exercise of his jurisdiction, he may cause proper proceedings to be commenced and application made as provided in Article 4113, as amended, for the appointment of a guardian of the person and of such estate, or either; but this Article as amended shall not be construed to repeal or modify Article 4113. Upon the filing of application, process shall be issued and served as provided by Articles 4114, 4115, and 4116 of this Chapter. The return thereof shall be determined, and shown therein, as provided by Chapter 48, Acts of the First Called Session of the 41st Legislature, as amended by Chapter 123 of the 42nd Legislature. As amended Acts 1941, 47th Leg., p. 867, ch. 541, § 1."

All statutory references will hereinafter be made to Vernon's Annotated Civil Statutes.

It is the appellant's contention that Article 4117, supra, grants to the county court of any county, wherein a non compos mentis might be found, concurrent jurisdiction with the county wherein said non compos mentis has his legal domicile; while appellee's contention is that the county court of the legal domicile, and/or the county court of the county where the principal estate of the non compos mentis is located, has exclusive jurisdiction for the appointment of a guardian; she relies for the support of this contention upon the venue statute, Section 3 of Article 4111, which is as follows:

"A proceeding for the appointment of a guardian shall be begun * * * for the person and estate, or of either, of a person of unsound mind or an habitual drunkard, in the county where such person resides, or where the principal estate of such person may be."

In construing Article 4117, we note that it begins by granting the county judge power to appoint a guardian for persons whose legal domicile is located in his county; the next authorization of the statute grants the county judge power to appoint a guardian for the persons of unsound mind and of their estates who may be found in his county, providing there is a probable cause for the court to exercise its jurisdiction. If such a person is found in his county, then the judge may cause proper proceedings to be commenced and applica-

tion made as provided in Article 4113, as amended. Article 4113, as amended, recites that a proceeding for the appointment of a guardian shall be begun by written application filed in the county court of the *county having jurisdiction thereof* (ours). Section 4 of said Article reads as follows: "Such other facts as show the jurisdiction of the court."

It is specifically pointed out in Article 4117 that its provision does not repeal or modify Article 4113, and it further provides that service shall be issued and served as provided in the Articles immediately following Article 4113.

 We agree with appellee's contention that Article 4117 is to become applicable only in those instances wherein there is a person of unsound mind found within the confines of the county, that such facts be known to the county judge, and he then take the initiative to have a guardian appointed; but that it is not applicable when an application is filed by someone else who is interested in the ward and in his judgment needs a guardian; or in other words, it is only applicable when no one seeks the appointment of a guardian, and the county judge believes one should be appointed; but when someone seeks the appointment of a guardian by formal application, then we find the venue provisions of Article 4111 are mandatory.

We find that the construction placed upon the statute by appellant's point No. one is erroneous, wherein he contends that such Article authorizes the county court, wherein a person of unsound mind may be found, to have concurrent jurisdiction, in so far as venue is concerned, with the county court of the county wherein such person of unsound mind has his legal domicile or where his principal estate is located for the reasons that:

 (1) Guardianship proceedings are specifically made for the benefit of the in-competent and for the protection of his property. This can usually be better served in the county of the legal residence of the party, or in the county where his principal estate is located.

(2) Article 4117 provides that before a county judge has jurisdiction to appoint a guardian over a person who does not have his legal domicile in said county, he must first find that there is probable cause to exercise such jurisdiction; then he must upon his own initiative cause someone to file an application.

(3) Article 4267 has a similar provision.

(4) Article 4123 states that before an appointment is made, the court must be satisfied "that the Court has jurisdiction of the case."

(5) Section 4 of Article 4113 reads the same.

While construing statutes, the Supreme Court has recently reiterated some of the rules in the case of the State v. Dyer, 200 S.W.2d 813.

We note in the caption to the amending statute, as set out in 1941 Vernon's Texas Session Law Service, page 867, Senate Bill No. 125, passed by the 47th legislature, that most, if not all of the purposes outlined for amending such statutes, as Article 4117, were in order to simplify the method for appointing guardians wherein said wards were to receive funds from a State and/or Federal government.

We have been cited no judicial interpretations of Article 4117, as amended, neither have we found any judicial construction of said Article.

There were no statement of facts, finding of facts, nor conclusions of law filed in this case.

The judgment of the trial court in ordering the probate court of Tarrant County, Texas, to dismiss this cause without prejudice is affirmed.