**BREEDEN et al. v. MILLER et al.**

No. 14297.

Court of Civil Appeals of Texas. Dallas.

Jan. 12, 1951.

Rehearing Denied Feb. 16, 1951.

Jack P. Bond, Terrell, for appellants.

Bond & Crofts, Terrell, for appellees.

CRAMER, Justice.

Toney Miller, deceased, hereinafter referred to as testator, died in Kaufman County, July 15, 1949, leaving a written will and a codicil thereto. The will and codicil were offered for probate by appellees here who will hereinafter be referred to as proponents. The contest of the will was filed by appellants who will be referred to as contestants. The will was executed by the testator October 3, 1934, in proper form and witnessed by W. P. Allen and C. W. Cartwright. W. P. Allen died in December 1943. The codicil was executed by the testator in January 1948, in proper form and witnessed by John R. Hamilton and C. W. Cartwright.

The will by its terms disposed of testator's property as follows: $500 each to Mrs. J. H. Clark, a sister, and Harry Johnson, a nephew, and Mary Virginia Walker, a grandniece; $100 to J. T. (Tom) Miller; one acre of land to Peter Miller, said land having been purchased by testator from Peter Miller in 1932; the balance of his estate he divided into four equal parts, one part to Phillip Miller, one part to Peter Miller, one part to N. L. Miller, and one part to be shared equally by the two sons of the testator's deceased sister, Sophie Samuels. The will also provided that if any beneficiary should predecease testator, such deceased beneficiary's share shall "go to their respective children." The will further provided that any beneficiary who contested the will should forfeit his share and receive $5 in lieu thereof.

The will named Phillip Miller and Peter Miller, or either of them, independent executors without bond. The codicil, executed in 1948, recited that testator does "hereby republish and reaffirm" the will of 1934, save and except the change in executors. The new executors were Lloyd Miller and Howard Springer, nephews; the codicil reciting that such change was being made "owing to the age and health of my two beloved brothers, Phillip Miller and Peter Miller."

The contestants asserted that the will was executed under undue influence upon the testator by W. P. Allen and Peter Miller, both of whom predeceased testator. The trial in county court resulted in the overruling of the contest, and probated the will. Such judgment was appealed to the district court where, at the conclusion of the evidence, the district judge withdrew the case from the jury and instructed a verdict against the contestants and for proponents. This appeal has been duly perfected from the judgment probating the will.

Contestants brief five points of error raising three general questions: (1) Error of the court in instructing the verdict; (2) error in sustaining objections to certain evidence tendered by contestants; and (3) defects in the form of judgment entered. We will discuss them in the order named.

Points 2, 3, and 4 assert that the evidence raised the issue of undue influence by W. P. Allen and Peter Miller in connection with the execution of both the will and the codicil; also error in the refusal of appellant's tendered requested special issues seeking jury findings thereon. These points necessitate a review of the evidence. It is undisputed that at time of the execution of the original will in 1934 that the heirs at law of Toney Miller, the testator, were (1) Phillip Miller, (2) N. L. Miller, (3) Peter Miller, and (4) J. T. Miller (referred to as Tom Miller by testator), all brothers of testator; (5) Mrs. J. H. Clark, a sister of testator, and (6) the children of a deceased sister, Mrs. Sophie Samuels. Tom Miller died in 1938 and the contestants here are his children. Peter Miller who, with W. P. Allen, is alleged by contestants to have exerted undue influence upon testator, died in 1949.

The will, as well as the codicil, was probated on the testimony of C. W. Cartwright. W. P. Allen, witness with him to the original will, as heretofore stated having died in 1943. John R. Hamilton who, with C. W. Cartwright, witnessed the codicil, died in October 1948. Contestants admit that since the two persons who they allege unduly influenced the testator are now dead, undue influence must be shown by "circumstantial evidence". In their brief they set out such undue influence, in substance as follows: Testator and his brothers and one of his sisters lived in the same community in Kaufman County; testator was a bachelor; the father and mother of testator had lived in the same neighborhood and reared the family there; each member of the family was very fond of all other members of the family and at times aided each other financially and otherwise; after the execution of the will testator loaned contestants' father (Tom Miller) many thousands of dollars to help him in his financial troubles; the Miller brothers were depositors in the Bank of which W. P. Allen was President; Tom Miller (now deceased) became indebted to such bank and Mr. Allen demanded payment; the testator aided Tom Miller financially in paying that debt; about the date of the will a competing bank was organized in Terrell in which Tom Miller became a stockholder and depositor; the testator was not a highly educated man and Mr. Allen assisted him in his business affairs; also assisted testator in the preparation and wording of his will; the will was placed in testator's safe-deposit box in Allen's bank; and the will and the codicil were in such deposit box when testator died.

The evidence is conflicting as to whether or not all the money loaned by testator to Tom Miller was repaid. The evidence shows that testator was often in Tom Miller's home; that Peter Miller, deceased, one of testator's brothers, charged with Allen as having exerted undue influence, often complained to the testator about Tom and his children spending too much money. The evidence also shows that testator often talked to Tom about his (Tom's) financial affairs.

Appellants contend that such evidence raised the issues of undue influence by W. P. Allen and Peter Miller upon the testator at the time of the execution of the will and the codicil by compulsion and argument, so as to overthrow the free agency of the testator and cause him to disinherit his brother, Tom Miller, without cause or excuse, and to bequeath all of his estate to his other brothers and sister and his deceased sister's children. Appellants state: "There is not a scintilla of evidence that would justify an unkind or adverse feeling of Toney Miller toward his brother Tom, and there is no contention that Toney Miller was insane or did not have sufficient mentality to know what he was doing, and there is no contention that he would not have done what he did do, had he not been aided and influenced by outside agencies * * *." Appellants also state that Mr. Allen and testator's brother, Peter Miller, "had every opportunity to exert undue influence on the uneducated Toney Miller as would cause him to exhibit an unfriendly attitude towards Tom in disinheriting him from his estate."

We have carefully considered such evidence and have concluded that the same did not raise an issue of fact for the jury. The burden was on contestants to show that the will was the direct result of undue influence, exerted on testator by W. P. Allen and/or Peter Miller (both of whom predeceased testator) at the very time of the execution of the will and also at the very time of the execution of the codicil; and a mere showing of opportunity to influence testator is not sufficient. Shofner v. Shofner, Tex.Civ.App., 105 S.W.2d 418, error ref.; Besteiro v. Besteiro, Tex.Com.App., 65 S.W.2d 759; Pierson v. Pierson, Tex.Civ.App., 57 S.W.2d 633; Lynn v. Jackson, Tex.Civ.App., 216 S.W.2d 649, error ref. n.r.e.; Hager v. Hager, Tex.Civ. App., 127 S.W.2d 234; Long v. Long, 133 Tex. 96, 125 S.W.2d 1034. Such showing must be by direct testimony or by circumstances operating directly upon the mind of the testator, so strongly, at the very time each was executed, as to show that the testator was prevented from exercising his

own will and was, instead, compelled to accept the will of another. 44 Tex.Jur., pp. 565–6.

The evidence here shows only the opportunity of Mr. Allen to influence the testator at the time of the execution of the will. But the evidence also shows that Mr. Allen was dead when the codicil was executed, when, in the codicil, the will was "republished" and "reaffirmed" by the testator. Such codicil had the effect of re-dating the will as of the time of the execution of the codicil. Boyd v. Frost National Bank, 145 Tex. 206, 196 S.W.2d 497, Syls. 19–20–21, page 508, 168 A.L.R. 1326.

The evidence of undue influence by Peter Miller is of the same nature and, under the same authorities, does not raise a jury issue.

Appellants also assert that there was an unnatural disposition of the property. An unnatural disposition of property, without direct evidence of undue influence as a fact, is no ground for rejecting the will. Long v. Long, 133 Tex. 96, 125 S.W. 2d 1034.

In addition to the matters called to our attention by the appellants in their brief, we have reviewed the entire record and are unable to find enough evidence to make a fact issue; and such points are overruled.

Points 5 and 6 raise the question of error in the court's excluding, on proponents' objection, evidence of the witness Mrs. Minnie Breeden and in excluding notes signed by Tom Miller, payable to C. W. Roberson and assigned by Roberson to testator. The question asked was: "Do you know of your own knowledge of any conversation that was had between your father (Tom Miller) and W. P. Allen in regard to a loan on a gin that your father once owned?" Answer, "Yes." The objection was that it "calls for a conclusion, not based upon any fact or knowledge of any facts, and at this time we object to the evidence as being purely hearsay, and it calls for a conclusion and does not show that she was present at any time during any conversation between those parties or anything of that kind." The answer, if the objection had not been sustained, would have been: "Yes; her father and W. P. Allen were at outs with each other in regard to a loan that Mr. Allen had against her father's gin and had demanded that he pay Mr. Allen his money and that her father had to borrow money from Mr. Harry Brin to pay off the loan of Mr. Allen, or Mr. Allen was going to foreclose on the lien against his property. That because of their unfriendly relations, J. T. Miller took his banking business to the First State Bank in Terrell thereafter."

It is unnecessary for us to pass on this question since it is our opinion that if the evidence had been admitted, it would not have changed the result; and that if such evidence had been admitted, for the reasons above stated, the instructed verdict would still have been proper.

Point 1 complains of the form of the judgment entered by the district court. Since the judgment below affirms the judgment of the county court, this point must be sustained. The district court should have denied the contest, probated the will, appointed independent executors named in the will, and provided for all other matters necessary to a county court judgment in connection therewith; and should then have ordered the same certified to the county court for recording there and observance. Articles 3702–3703, Vernon's Ann.Civ.St.

For the reasons above stated, the judgment below is reversed and here remanded with instructions to the district court to enter the proper judgment not inconsistent with this opinion.

BOND, C. J., not sitting.