**ROBBINS et al. v. SIMMONS' ESTATE.**

No. 12509.

Court of Civil Appeals of Texas.
Galveston.

Oct. 30, 1952.

Rehearing Denied Nov. 20, 1952.

Liddell, Austin, Dawson & Huggins, Houston (Frank A. Liddell, Charles R. Vickery, Jr. and Dwight H. Austin, of Houston, of counsel), for appellant.

Fulbright, Crooker, Freeman & Bates, Houston (B. J. Bradshaw and Leon Jaworski, Houston, of counsel), for appellee Baylor University.

Gordon Dotson, Norman McFarland, Vinson, Elkins & Weems, M. C. Chiles, and F. Russell Kendall, all of Houston, for appellees Clarence C. Booth et al.

MONTEITH, Chief Justice.

This is an appeal by Allyn W. Robbins and the National Bank of 'Commerce of Houston as executors named in one of the instruments alleged to be a will of Helene Simmons, deceased. The judgment appealed from is that of the 80th Judicial District Court of Harris County, Texas, entered in a probate proceeding in Harris County, Texas, denying probate of such will.

Mrs. Simmons died in Harris County, Texas, on May 3, 1950, leaving three alleged wills, each of which was in conflict with the others. All of the wills were offered for probate. Appellants in the appeal are the National Bank of Commerce of Houston and Allyn W. Robbins, a trust officer and agent of the bank. They were named in one, the will of Mrs. Simmons dated February 6, 1950, involved in the will contest.

At the death of Mrs. Helene Simmons the appellants offered for probate in the County Court of Harris County, Texas, as the last will and testament of Mrs. Simmons an instrument dated February 6, 1950, in which they were named as executors.

Appellee Clarence C. Booth and others presented for probate another instrument, wholly written by hand and dated February 8, 1950, which purported to revoke all other wills and codicils. Baylor University was not named as beneficiary in this instrument.

Frank A. Simmons, the surviving husband of the deceased, was omitted as a beneficiary in both of the other wills. He opposed the probate of both of the other two wills and offered for probate as the last will and testament of the deceased an instrument dated December 9, 1946, in which he was named as the principal beneficiary.

The provisions of the three named wills were in sharp conflict. Under the will dated February 6, 1950, Baylor University College of Medicine was bequeathed the major portion of Mrs. Simmons' estate as a charitable donation, to be known as "The Crosby Estate Students' Loan Fund", to be used in assisting needy students to obtain medical education at said institution. Under the second will the parties who offered it for probate would have received the bulk of the estate. Under the third will Frank A. Simmons was named as the principal beneficiary. He was not provided for in the other two wills. Appellants were named as executors in the will dated February 6, 1950.

Appellee Clarence C. Booth is the brother of the deceased. Appellees Mrs. Maude Moore and Mrs. Florence Werminghaus are her sisters. Appellees Carlton Moore Jr., Eugene Werminghaus and Clarence Reginald Booth are her nephews. Donald Crosby, her son by adoption, predeceased her.

At the time of Mrs. Simmons' death she was in litigation with her husband, Frank A. Simmons, in the District Court of Harris County, Texas, and in the courts of California, he claiming to own one-half of all the property of the deceased by inter vivos gift, that he was interested in the estate as an heir and as beneficiary under the will he offered for probate. In his pleadings he contended that the other testamentary instruments were void for want of testamentary capacity in the deceased and because of undue influence.

While the case was pending in the Probate Court, Baylor University and the proponents of the instrument dated February 8, 1950, made an agreement under which they agreed to make an effort to defeat the claim of Frank A. Simmons in his various law suits.

After trial in the Probate Court, the instrument dated February 6, 1950, was admitted to probate. Frank A. Simmons appealed to the District Court of Harris County.

While the case was pending in the District Court, Baylor University and the proponents of the instrument dated February 8, 1950, above mentioned, reached a compromise settlement with Frank A. Simmons. Under the terms of this agreement Frank A. Simmons would be paid a consideration for a release of all of his claims to the estate, and that the parties who were named as specific legatees under the wills in controversy who were not parties to the agreement were to be paid the amount of the largest legacies provided for them by any of the wills, and after the payments of all debts and taxes, the balance of the estate would be divided in agreed proportions among the parties to the agreement.

In accordance with that agreement, Frank A. Simmons has been paid the amount of the consideration for his release and has released all of his claims.

All parties for whom specific legacies were provided by any of the controversial wills and who were not parties to the agreement have been paid the amount of the largest legacies provided for them in any of the wills and with the exception of K. D. Buddy McDuff, have all released their claims upon the estate. No party for whom any specific legacy was provided by any of the wills was an heir of the deceased.

The sum of $5,000 was tendered to K. D. Buddy McDuff, who is a cousin of the deceased. He refused to accept the $5,000 tendered until after it had been tendered into the registry of the court for him, and has since withdrawn it and has agreed to this judgment along with the other beneficiaries and heirs.

After the consummation of the agreement, an agreed judgment signed by the attorneys representing all of the appellees and giving effect to the agreement of the parties was presented to the judge of the 80th District Court of Harris County, Texas. The entry of said judgment was opposed by appellants. After an extended hearing of testimony and argument of counsel, the court entered said judgment, from which appellants appeal.

In the case of Wade v. Wade, 140 Tex. 339, 167 S.W.2d 1008, in which the facts are similar in all material respects to the facts in the instant case, the Supreme Court of this State held that the devisees and heirs of the deceased had a right to compromise their differences and to partition the property among themselves by mutual consent, subject to the rights of creditors and thus dispense with the necessity of probating the will. The Court, in its opinion, held that even if an administration in the estate had been pending in the probate court the effect would have been the same.

In the early case of Stringfellow v. Early, 15 Tex.Civ.App. 597, 40 S.W. 871, 874, it was held that an agreement among the heirs and beneficiaries to take the estate on terms different from those of the wills destroys the legal existence of the will. The trial court sustained a demurrer

to the contest and such action was the subject of the appeal. It was held that, "Parties may make any contract with reference to their property rights that is not illegal, may adjust by compromise their differences and disputes concerning the same, and, as they bind themselves, so shall they be bound. It is difficult to understand why this cannot be effected by an agreement not to probate a will, or how it interferes with public policy. The power to litigate and to establish a right by appeal to the courts is as much the subject of contract as any other right in property. Such adjustments by contract are favored by the law and the courts, and are not deemed to be an unwarranted interference with the jurisdiction of the courts, or against public policy. On the contrary, public policy favors them."

In the case of Brown v. Burke, Tex.Civ. App, 26 S.W.2d 415, 417, an agreement not to probate a will was pleaded in bar of an application to probate a will. One of the children of the deceased offered the will for probate, and it was contested by other children. In its opinion the court said, "In their contest to the probate of said will, appellees, in addition to a general denial, specifically pleaded that all the parties at interest had after the death of Mr. Burke examined said instrument, and being in doubt as to its being construed as a will, and for the purpose of saving a family controversy and for the purpose of dividing the estate, had entered into a compromise and settlement agreement, under the terms of which the entire estate was to be and had in part been divided, and that all parties at interest had agreed that said document would not be offered for probate.

In the case of Fore v. McFadden, Tex. Civ.App., 276 S.W. 327, 329, in which the questions involved are similar in many respects to those in the instant case, it was held that, "It has been definitely decided by the courts of this state, and of many other states, that the beneficiaries under a will have a right to agree among themselves upon any distribution they see proper of the property bequeathed to them." The Court stated in its opinion that the property was

theirs, that no one else is interested in its disposition, and they may, with propriety, make any distribution of it that suits them, so long as they do not invade the rights of other parties or infringe some rule of public policy.

The above decisions by the courts of this State are, we think, controlling in this appeal. They establish the fact that the devisees and heirs of an estate have a right to compromise their difficulties and to partition the property among themselves by mutual consent subject to the rights of creditors and to thus dispense with the necessity for probating a will.

Decisions from other jurisdictions dealing with a similar state of facts, with few exceptions, follow substantially the same line of reasoning as was adopted by our courts in the case of Wade v. Wade, supra.

In Maryland—In the case of Surratt v. Knight, 162 Md. 14, 158 A. 1, 2, appellant was named as executor in a will. The only child of testator filed a contest to the will and after a mistrial because of a disagreement of the jury, the contestant and the residuary legatees named in the will agreed that they would compromise the litigation. Under the agreement the residuary legatees agreed to assign to the contestant one-half of their respective legacies in consideration of the contestant's agreement not to offer any testimony at the second trial. The agreement was performed but the executor refused to recognize the validity of the assignments and appealed. The court of last resort of the State of Maryland said, " * * * Every one but the executor is satisfied, and no one has united in the appeal. It does not appear from the record that the executor has in any capacity such an interest in the subject-matter as entitled him to appeal, and therefore this appeal must be dismissed."

In New Jersey—In the case of First Camden National Bank & Trust Co. v. Hiram Lodge, etc., 134 N.J.Eq. 303, 35 A.2d 490, 493, affirmed 135 N.J.Eq. 505, 39 A.2d 371, the testator's property was given in his will to certain charitable corporations in trust. The widow and a niece of the testator contested the probate of the will. Before final judgment in the case, a settle-

ment agreement was reached. The widow and niece of the testator objected on the ground that the executors had no right or standing in court to prosecute the suit. In upholding this contention, the court said, "Do the executors have a standing in this court to enforce the charitable trusts and bring into question the validity of the compromise agreements? The answer is 'No.'"

✓ In Restatement of the Law on Trusts, Section 391, it is said that, "'A suit can be maintained for the enforcement of a charitable trust by the Attorney General or other public officer, or by a co-trustee, or by a person who has a special interest in the enforcement of the charitable trust, but not by persons who have no special interest in the estate * * *.'"

In Missouri—The case of Love v. White, 348 Mo. 640, 154 S.W.2d 759, 760, was brought to establish that plaintiff was an adopted child and the sole heir of the deceased and in fact was entitled to the entire estate. From a judgment for the plaintiff, the administrator appealed. In dismissing his appeal, the court said, "Here all the heirs, legatees and devisees were made parties to the suit and after a trial by the court the heirs did not even file a motion for new trial. Four legatees joined with the administrator in the motion for a new trial, but he alone expressed a willingness to appeal." The court held, "It is our judgment that the administrator in this case is not a 'party to a suit aggrieved by any judgment' and that his appeal is and should be dismissed."

In Illinois—In the case of Wolf v. Uhlemann, 325 Ill. 165, 156 N.E. 334, 341, the Supreme Court held that the parties beneficially interested were justified in settling their rights by compromise agreement. The court in its opinion said, "Appellant, as trustee, did not have or claim to have any beneficial interest in the fund. The trustee's rights and interests were not affected by a decree which bound all the parties in interest and protected the trustee in the distribution of the fund. It was no concern of the trustee how the parties beneficially interested settled the threatened controversy if the trustee was protected in making the

distribution. That seems to be the only question the trustee had any interest in or should be concerned about."

In Rhode Island—In Merrill v. Atwood, D.C., 297 F. 630, it was held that a testamentary trustee, as against the heirs and beneficiaries in a trust, was practically a stakeholder.

Appellees in the case at bar contend that appellants have no litigable interest in the subject matter and that this appeal should be dismissed for the further reason that any question which appellants might be able to raise is moot and entirely extinguished by the agreement of the parties for the reason that appellate courts will not review judgments if the controversy between the parties has terminated. State v. Society for Friendless Children, 130 Tex. 533, 111 S.W.2d 1075.

We have carefully considered all other points of error presented by appellants in their briefs and, finding no reversible errors therein, this appeal must be dismissed.