John E. DOYLE, Appellant,

v.

Lee SORRELLS, Appellee.

No. 13125.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 28, 1956.

Rehearing Denied Dec. 31, 1956.

Schlesinger, Goodstein & Semaan, Leo Brewer, San Antonio, for appellant.

J. Douglas McGuire, T. P. Hull, San Antonio, for appellee.

NORVELL, Justice.

This is a guardianship proceeding in which the controlling question is one of venue under Article 4111, Vernon's Ann. Civ.Stats. The district judge found that these "proceedings were pending before the effective date of the Texas Probate Code; and that the application of the Texas Probate Code to these proceedings would not be feasible and would work injustice. * * *" In view of this finding said Article 4111 determines the venue of the case. See Section 2 of the Texas Probate Code as to its effective date.

Article 4111 provides that:

"A proceeding for the appointment of a guardian shall be begun: * * *

"2. For the person and estate (or of either) of a minor, in the county where the surviving parent resides, if only one is living, or in the county where the last surviving parent of such minor resided at the time of the death of such parent, if both parents are dead, *or in the county where such minor is found,* or in the county where the principal estate of such minor may be. * * *" (Italics ours.)

The above section contains three provisions as to venue. The first relates to the residence of the parents or parent; the second to the physical presence of the child, while the third relates to the location of the principal estate. Appellee relies upon the second provision, i. e., the county where the child is found. The appellant contends that the first provision, relating to the residence of the deceased parent should be given preference over the second clause.

The facts are for the most part undisputed, and are set forth by the trial judge in his findings and conclusions. Wallace Addison Parham, the minor involved in this litigation is about six years old and was the adopted son of Thomas H. Parham and his wife, June Parham, both of whom were killed in an airplane accident on November 18, 1955. They were residents of Dallas County, Texas. The appellee, Lee Sorrells, the father of June Parham, went to Dallas upon receiving word of the accident, and on November 21st returned to San Antonio with the minor. Two days later, he made application to the Bexar County Court to be appointed guardian of the person and estate of the minor, Wallace Addison Parham. On December 2, 1955, the appellant, John E.

Doyle, filed his application for guardianship in the Dallas County Court. He also contested the application of Sorrells. The decision of the Bexar County Court was against him and an appeal taken to the District Court, which affirmed. The case was then brought here.

■ The Bexar County Court clearly had exclusive jurisdiction (as distinguished from venue) of the guardianship proceedings because of the prior application filed in that Court. Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063. However, if the statute gives the Dallas County Court a venue preference over the Bexar County Court, it would be the duty of the latter court to transfer the cause to Dallas County, and a refusal to do so would constitute reversible error. We do not, however, construe the statute as giving the county of the residence of the deceased parents of the minor a venue preference over the county where the minor is found. Nor do we construe the provision relating to the physical presence of the child to be restricted to the place where the minor is found immediately after the death of the parents or the surviving parent. There is nothing in the wording of the statute to support this construction, and while the case of Hagan v. Snider, 44 Tex.Civ.App. 139, 98 S.W. 213, is not directly in point, the language of the opinion lends some support to our views. The fact that Sorrells had brought the boy to Bexar County and filed his application two days afterwards did not prevent the second venue provision of Article 4111, § 2, from having application to Bexar County.

Appellant relies upon Powell v. Judd, Tex.Civ.App., 203 S.W.2d 871, as upholding his contention that the county where the parent resided is given a venue preference over the county in which the minor is found. The cited case holds that the venue provisions of Article 4111 takes precedence over those contained in Article 4117, which permits the County Judge to act on his own volition in appointing guardians under certain conditions. We do not have separate articles or procedures involved here, but venue provisions prescribed in one section or paragraph of Article 4111, and the wording employed by the Legislature fails to suggest a preference of one clause over another.

■ By proper point of error, appellant points out that the judgment rendered by the District Court is incomplete in that it does nothing more than appoint Lee Sorrells as guardian of the person and estate of Wallace Addison Parham and makes no provision for the giving of a bond, appointment of appraisers, etc., as required by Article 4125 (now Section 184 of the Probate Code). Sparkman v. Stout, Tex.Civ.App., 212 S.W. 526, 21 Tex. Jur. 335, Guardian & Ward, § 360. Appellee concedes that the judgment is defective but says that "the District Court can readily correct this by fixing and approving the bond and appointing appraisers," etc. Such procedure was followed in a similar case by the Dallas Court of Civil Appeals in Breeden v. Miller, 236 S.W.2d 225. Accordingly, the judgment of the District Court is reversed and the cause remanded to said court with instructions to enter the proper judgment, not inconsistent with this opinion.

Reversed and remanded with instructions to enter judgment.