**John E. DOYLE, Appellant,**

v.

**ESTATE of Ronald Hubert PARHAM et al., Appellees.**

**No. 15222.**

Court of Civil Appeals of Texas.

Dallas.

March 1, 1957.

Rehearing Denied March 22, 1957.

C. C. Renfro, Dallas, for appellant.

Johannes & Kelsoe, Dallas, for appellees.

CRAMER, Justice.

This is an appeal from an order of the District Court sustaining a plea in abatement and abating the proceeding. It appears that Wallace Addison Parham, a boy five years of age, was the legally adopted son of Thomas Hubert Parham and his wife, both of whom died simultaneously in an airplane accident on November 18, 1955. Lee Sorrells is the grandfather of the minor child (father of his deceased mother) and resides in Bexar County where the child has also lived since November 21, 1955. On November 23, 1955 Lee Sorrells filed an application for letters of guardianship for Wallace Addison Parham, a minor, in the County Court of Bexar County. Later on December 2, 1955 John E. Doyle, not related to the minor, filed an application for letters of guardianship for Wallace Addison Parham, a minor, in the Probate Court of Dallas County. On December 6, 1955, after due notice and hearing, and after John E. Doyle had made a voluntary appearance, Lee Sorrells was granted letters of guardianship of the minor child by the County Court of Bexar County. Doyle duly perfected his appeal from such judgment to the District Court of Bexar County on December 20, 1955. On April 23, 1956 the District Court of Bexar County overruled Doyle's plea in abatement and Doyle gave notice of, and perfected his appeal to the Fourth Court of Civil Appeals at San Antonio. In the meantime Lee Sorrells filed a plea in abatement and contest of the application pending in the Probate Court of Dallas County, asserting prior jurisdiction in County Court of Bexar County. Sorrells' plea in abatement was overruled by the County Court of Dallas County on December 22, 1955, and such judgment was appealed to the District Court of Dallas County. The District Court of Dallas County entered the order of dismissal here duly appealed from on June 7, 1956.

Appellant Doyle, as guardian appointed by the County Court of Dallas County, has duly perfected his appeal, here briefing two points in substance: The District Court erred (1) in sustaining contestant's plea in abatement; and (2) in dismissing the case. Appellee Sorrells counters that (1) he properly filed his petition in the County Court of Bexar County prior to the filing by appellant in the County Court of Dallas County, thus fixing jurisdiction in Bexar County; (2) the guardianship statutes in effect November 23, 1955 gave jurisdiction of this case to the County Court of Bexar County where the minor, at the time of the filing of the application, was living; (3) the County Court of Bexar County had exclusive jurisdiction of this cause when it entered its judgment here involved; and (4) Lee Sorrells, grandfather of the minor, had a right to be appointed guardian superior to that of John E. Doyle.

All points and counterpoints will be considered together.

Since this appeal was perfected the San Antonio Court of Civil Appeals on November 28, 1956, decided the appeal perfected to that Court in favor of Sorrells in Doyle v. Sorrells, 297 S.W.2d 233, and in our opinion properly based its decision on Art. 4111, Vernon's Ann.Civ.St., in force at the time the original application was filed in Bexar County. See 17A Vernon's Texas Civil Statutes, p. 5, sec 2, Probate Code, in which it is provided that the Code controls only after January 1, 1956.

Under the reasoning in, and on the authority of, the opinion of the San Antonio Court of Civil Appeals in Doyle v. Sorrells, supra, which we believe to be correct, the appellant's points are overruled and appellee's counterpoints are sustained.

The judgment of the trial court is

Affirmed.