C. T. EVERETT, Independent Executor,
Appellant,

v.

N. L. EVERETT et al., Appellees.

No. 3524.

Court of Civil Appeals of Texas.

Waco.

Jan. 16, 1958.

Rehearing Denied Feb. 20, 1958.

John L. Scott, Jr., Vega, Herman N. Sloss, Amarillo, for appellant.

C. C. Renfro, Dallas, Bruce Allen, Waxahachie, for appellees.

HALE, Justice.

Appellant brought this suit to set aside a prior order of the County Court of Ellis County admitting to probate the purported will of his mother, Mrs. Sallie Everett, hereinafter referred to as the deceased. The case was tried de novo in the District Court before a jury. Upon the conclusion of the evidence appellees moved the court to instruct the jury to return a verdict against appellant, but the motion was overruled. Thereupon the court submitted two special issues to the jury, in response to which it was found (1) that the will in question, being the will previously admitted to probate, was not the will executed by the deceased on or about September 1, 1945, and (2) that Mrs. McCormick, she being a daughter of the deceased and one of the appellees herein, would have agreed "to the probation of the will and not to probate the codicil thereto if she had known that C. T. Everett would file this contest of the order admitting said will to probate and denying the probate of the codicil." Appellees duly presented their motion for judgment non obstante veredicto, based in part upon their extensive pleas of estoppel of appellant to recover the relief sought by him. The motion for judgment notwithstanding the verdict of the jury was granted and judgment was rendered accordingly.

The will involved herein was offered for probate on the joint application of appellant and appellee, N. L. Everett, pursuant to an agreement between them and their sister, an appellee, and two brothers brought into the suit by appellee, N. L. Everett. This agreement provided that the will only would be offered for probate and that a codicil thereto would not be offered. The judgment of the probate court which was entered on October 12, 1954 and is under attack here, recited it was based upon the above written agreement and confirmed in open court by the applicants at the hearing on the application. There was no appeal from this judgment. The present proceeding was filed in the County Court on

March 22, 1957. Appellee, Mrs. McCormick, joined her brother, N. L. Everett, in a joint answer in which the other two brothers, T. L. Everett and J. L. Everett, were impleaded in order that all five children should be before the court. It appears that neither J. L. Everett nor T. L. Everett filed any answer, but both were present during the trial in the District Court, and J. L. Everett testified in behalf of his brother, C. T. Everett.

The evidence in the case indicates that a will was probably executed by the deceased and probably attested by subscribing witnesses, on or about February 1, 1945. This will was prepared by Hon. Will Hancock, a practicing attorney, who was a brother of the deceased. Thereafter, Hon. Forrester Hancock, a nephew of the deceased, and a son and law partner of Hon. Will Hancock, prepared another will for the deceased, but there was evidence that instead of having the second will signed and witnessed, the last page of the original will was removed from the original will which was executed on or about February 1, 1945, and fastened by staples to the will which was prepared by Forrester Hancock. Thereafter, on September 13, 1952, the deceased duly executed and caused to be properly attested by subscribing witnesses, a codicil to be added to the will which was prepared for her by Forrester Hancock.

Shortly after the death of the deceased, her sons and daughter met together in the office of their uncle, Will Hancock, to hear him read the will of their mother. After Mr. Hancock had read a portion of the will, he stated to those present, in substance, that this was not the will which he had written for his sister, and thereupon his son, Forrester Hancock, stated in substance that the will which was being read had been prepared by him for his aunt. The codicil to the will related to the payment of taxes, and the manner in which the obligation to pay such taxes should be prorated among her children. It was the opinion of the brothers that the codicil placed an undue burden upon them in regard to payment of taxes, and the five children of the deceased thereupon entered into a written agreement dated August 12, 1954, by the terms of which they agreed that the will only would be offered for probate, and the codicil thereto would not be offered.

Appellees say appellant was not entitled to judgment because, among other reasons:

"(1) By her act of executing the codicil of September 13, 1952, Mrs. Everett republished as her will, the instrument admitted to probate.

"(2) The agreement of August 12, 1954, made by the children of Mrs. Everett, has been performed, including completion of the administration and partition of the estate, according to the will, and all parties are now estopped to attack such judgment.

"(3) Appellant failed to show that (a) the judgment admitting the will to probate was not caused by his negligence, (b) that he used diligence to ascertain the facts with respect to the validity of the will, and (c) he had a good defense to the action which he was prevented from making by fraud or other acts of N. L. Everett and Mrs. Sallie McCormick."

After due consideration of the record before us, we have concluded that the foregoing contentions of appellees are correct, and that appellant was not entitled to any relief in this cause, notwithstanding the special issue verdict of the jury.

It is generally held in most jurisdictions that a properly executed codicil validates a prior will which might have been inoperative or invalid by reason of defective execution, lack of testamentary capacity or undue influence. 87 A.L.R. 836; 21 A.L.R. 2d 821; 68 C.J. p. 862, Sec. 577; 95 C.J.S. Wills § 303(2); 57 Am.Jur. p. 428, Sec. 627 et seq. In the case of Boyd v. Frost National Bank, 145 Tex. 206, 196 S.W.2d 497,

508, 168 A.L.R. 1326, the Supreme Court of Texas said:

"Not only was the execution of the codicil a republication of the will, but the latter instrument speaks from the date of the codicil. Campbell v. Barrera, Tex.Civ.App., 32 S.W. 724; Laborde v. First State Bank & Trust Co., Tex.Civ.App., 101 S.W.2d 389, (er. ref.) It must be presumed in law, and a most reasonable presumption indeed, that the testatrix re-examined the entire testamentary disposition of her property prior to executing the 1943 codicil and, except for the changes she then made, solemnly willed that her earlier disposition represented her last and unrevoked testamentary wishes,— wishes which the courts ought to respect most scrupulously."

It was also held in Breeden v. Miller, Tex.Civ.App., 236 S.W.2d 225, that the execution of a codicil had the effect of republishing and re-affirming a will as of the date of the codicil, so that claimed undue influence prior thereto was without any effect.

■ And so, in the instant case, we think it must be held that the act of the deceased in properly executing the codicil to the will which was admitted to probate had the effect of validating the will.

The will in controversy was admitted to probate in accordance with the terms of the written agreement which the parties entered into on August 12, 1954. This agreement had been fully performed and the administration and partition of the estate completed in compliance with the terms of the will, prior to the time when the present suit was instituted. One of the sons of the deceased had sold the land bequeathed to him by his mother, and the .other beneficiaries had placed liens against their lands, so that the properties and the parties owning an interest in the same could not be placed in the status which they occupied before the will was probated. Furthermore, it appears that appellant knew practically as much about the possible preparation of two wills for the deceased, one by Will Hancock and another by Forrester Hancock, when one of the wills was read in the Hancock offices as he knew when the present suit was tried. The only difference between the amount of information possessed at the time of trial from that possessed at the time when the proposed will was read, was the fact that appellant employed the services of an expert witness in the field of forged documents to investigate the matter and testify to his opinion that the last page of the will admitted to probate was not written at the same time when the body of the will was prepared. No reason is shown why the expert witness could not have made his investigation immediately after the will was read, rather than to wait three years after the will had been admitted to probate by agreement of the parties, and its terms fully complied with by all parties at interest.

■ A contract to ignore the terms of a will and divide an estate in accordance with the agreement of the parties at interest is valid, and when a judgment is entered in keeping with the contract, such contract controls the disposition and distribution of the estate. Fore v. McFadden, Tex.Civ.App., 276 S.W. 327; Robbins v. Simmons' Estate, Tex.Civ.App., 252 S.W.2d 970, 972; Wade v. Wade, 140 Tex. 339, 167 S.W.2d 1008; Atkins v. Womble, Tex.Civ.App., 300 S.W.2d 688; Franke v. Cheatham, Tex., 303 S.W.2d 355.

■■ In the case before us, the agreement between the parties became a part of the judgment admitting the will to probate, and the judgment and will so probated, as well as the agreement, should be construed as if they were a single contract. In the case of Edwards v. Gifford, 137 Tex. 559, 155 S.W.2d 786, 788, the Supreme Court said:

"The judgment being entered by consent and agreement of the parties,

the court was bound to enter a judgment falling strictly within the agreement of the parties. Wyss v. Bookman, Tex.Com.App., 235 S.W. 567. An agreed judgment is construed in the nature of a contract, and in the construction of such a judgment the rules relating to contracts in general will apply."

See also Prince v. Frost-Johnson Lumber Co., Tex.Civ.App., 250 S.W. 785.

 Not only is appellant bound by the terms of the agreement of the parties dated August 12, 1954 and the judgment admitting the will of the deceased to probate, but we think he is estopped under the undisputed evidence in this case from asserting any right on his part to have the will set aside.

In the case of Hubacek v. Manufacturers Cas. Ins. Co., Tex.Civ.App., 247 S.W.2d 173, 178, this court said:

" 'The purpose of estoppels is to prevent inconsistency and fraud resulting in injustice. * * * Estoppel is a doctrine for the prevention of injustice. It is for the protection of those who have been misled by that which upon its face was fair, and whose character as represented parties to the deception will not, in the interest of justice, be heard to deny.' See Kuehne v. Denson, 148 Tex. 54, 219 S.W.2d 1006, 1009, point 3."

 Regardless of whether the will which was admitted to probate was or was not the will executed by the deceased on or about September 1, 1945, and regardless of whether Mrs. McCormick would or would not have agreed to probate the will and not the codicil thereto under conditions found by the jury, it is clear to us that under the prevailing principles of equity applicable to the undisputed evidence in this case, appellant is not entitled to the relief which he seeks. He asked the court to admit the

will to probate and withhold the codicil from probate. He signed the application to probate the will, he signed the agreement with his brothers and sisters and he testified orally requesting the court to admit such will to probate and exclude the codicil. He made no showing whatsoever on the trial of the present case that he was prevented by the fraud of either appellee from fully presenting all of his case at the time the judgment probating the will was entered. Any defect in the execution of the will admitted to probate was cured or could have been cured by the proof of the execution of the codicil, and appellant has not attempted to show that the codicil was not properly executed.

 In stating the requirements of a direct attack on a judgment, such as we have in the case at bar, it was said by the Supreme Court in Harding v. W. L. Pearson & Co., Tex.Com.App., 48 S.W.2d 964, 965, that the following essentials must be shown: (1) that the former judgment was not caused by any negligence of him who seeks to set it aside, but that diligence was used to prevent it; (2) that he had a good defense to the action, which he was prevented from making by fraud, accident, or the acts of the opposing party, wholly unmixed with any fraud or negligence of his own; (3) that there is good cause to believe that a different result would be obtained by a new trial; and (4) the pleadings and issues of the former suit and its results must be set forth distinctly and clearly. It is also well settled "that bills seeking relief from final judgment, solemnly rendered in the due and ordinary course of the administration of justice by courts of competent jurisdiction, are always watched by courts of equity with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted. Johnson v. Templeton, 60 Tex. 238; Nevins v. McKee, 61 Tex. 412; Sharp v. Schmidt, 62 Tex. 263; Humphrey v. Harrell, Tex.Com.App., 29 S.W.2d 963; Empire Gas & Fuel Co. v. Noble, Tex.Com.App., 36 S.W.2d 451."

Because we have concluded as a matter of law from the undisputed evidence that appellant was not entitled to any recovery in this cause, the judgment of the court below is affirmed.